## Steelton Borough's Election Case.

Argued October 8, 1937.

Before
KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Willis F. Daniels,* with him *Rose Daniels,* for appellants.

*Walter R. Sohn,* County Solicitor, for appellee.

OPINION BY JAMES, J., December 17, 1937:

Following the general election, held on November 3, 1936, petitions were filed, under the Act of April 23, 1927, P. L. 360, 25 PS §2121, to have the ballot boxes opened and the ballots recounted in thirty-four election precincts of Dauphin County, and the sum of fifty dollars was deposited for each precinct with the prothonotary. Each of the petitions contained the averment that the petitioners had information that in computing the votes cast and in making the returns of the election board, fraud, mistake or substantial error, although not manifest in general returns, was made to the prejudice and injury of a large number of candidates whose names appeared on the ballot. At the time of the opening of the ballot boxes, it was agreed by all the parties that the recount should be limited to the votes cast for the office of Representative in the General Assembly from the Second Legislative District of Dauphin County. A recount of each of the thirty-four boxes showed errors in the computation which varied in number from 8 to 98, some in favor of one candidate and some in favor of another. The vote, as finally computed and certified by the court of common pleas, was as follows:

| | | |
|---|---|---|
| William E. Habbyshaw, Republican | 19,671 | |
| Royal Oak | 98 | |
| | | 19,769 |
| Robert E. Woodside, Jr., Republican | 19,387 | |
| Royal Oak | 114 | |
| | | 19,501 |
| Nevin W. Moyer, Democratic .............. | | 19,419 |
| Miles V. Miller, Democratic .............. | | 19,259 |
| William Coles, Socialist .................. | | 165 |
| Clarence Wolf, Socialist .................. | | 138 |
| Oscar Temple, Farmer Labor .............. | | 152 |
| Joseph K. Leedy, Farmer Labor ........... | | 105 |

The final vote reduced the majority for the lower of the two successful candidates from 146 to 82.

To determine the right of the petitioners in the respective districts to the return of the cash deposit, the returns of the Second Precinct, Third Ward of the Borough of Steelton were adopted as a test case. In this district, the recount showed that thirty-two errors had been committed by the election board, the net result of which was as follows: Habbyshaw's Republican vote was increased one; Woodside's Republican vote was reduced eighteen; Moyer's Democratic vote was reduced three; Miller's Democratic vote was reduced eight; and Cole's and Wolf's Socialist votes were reduced one each, a net change of fifteen votes between Woodside and Moyer. The court below certified that neither fraud nor substantial error was discovered in opening the ballot boxes and correctly counting the same, but error only, and directed the deposit money to be forfeited to the County of Dauphin. From this order, this appeal was taken.

Section 1 of the Act of 1927, supra, provides that the court of common pleas shall open the ballot box used at any election and cause the entire vote to be correctly counted in any election district, if three qualified electors of any election district, as therein set forth, shall file a petition and affidavit alleging that upon information which they consider reliable, they believe that fraud, although not manifest on the general return of votes made therefrom, was committed in the computation of the votes cast or in the marking of the ballots or otherwise in connection with such ballots in such election district. Section 2 provides for a cash deposit of fifty dollars, or a corporate surety bond in the sum of two hundred dollars, conditioned upon the payment of fifty dollars in the event that fraud or substantial error was not committed in the computation of the vote cast, etc.; and section 3 provides that if, upon the opening of any ballot box, it shall appear that fraud or substantial error was committed in the

computation of the vote cast on the ballots, or fraud in the marking of the ballots or otherwise in connection with such ballots, it shall be the duty of the court to certify such fact to the prothonotary, who, thereupon, shall return the cash deposit to the petitioners or mark the bond filed "cancelled."

In discussing the errors committed by the election board, the court said: "These errors were mostly errors of judgment of the election board as to the right under the law of the candidate to have the vote as cast counted. Upon inspection the persons appointed to correctly count the vote, when in doubt, submitted the question to the court upon which we then instructed them and said instruction was followed as to whether or not the vote should be counted. A large number of ballots had been cast, viz., approximately 1500 and we find that under our definitions of the words, that it does not appear that any fraud or substantial error was committed by the board, but error only. It in no wise affected the result." Regardless of whether the votes, as returned, were due to the errors of judgment as to how the vote should be counted, or to mistakes in addition or otherwise, errors were committed. If they were committed with an evil intent, then fraud was committed; but for the purpose of determining whether "substantial error" has been committed, the motive is immaterial, and the question is to be determined by the court below not on the basis of whether or not the result of the election was changed, but whether there were such errors of computation in the particular district as might be considered "substantial error."

In analyzing the position taken by the court below, let us assume that the vote, as returned, showed that Woodside had been elected by a majority of fourteen —one less than the net result of mistakes shown to have been made in his favor—but upon a recount of

one of the other districts, it appeared that a mistake had been made against him of two votes, still the net result would have been his election by one vote. Yet, under the ruling of the court below, the errors committed in the first election district are not to be judged by their number or character, but must be considered in relation to all of the other districts. This we are convinced was not the intention of the Legislature. The Act of 1927 is a highly remedial statute and should be liberally construed in order to secure a proper computation of the votes cast at an election. Separate petitions must be filed in each election precinct, and the question of substantial error has no relation to the computation in other election districts, or the general result of the entire election. The court is not interested in the ultimate result, as affecting any of the candidates, but solely to correctly compute the vote cast as contained on the ballots in the particular district. The honesty and correctness of the return in the particular district is the sole issue before the court and the question of "substantial error" must be determined with relation to that district alone.

The word "substantial" is susceptible to different meanings according to the circumstances. It is variously defined by the lexicographers as "actual, essential, material, fundamental," and, yet, it is as illusive a term as the English language contains. Many illustrations of its use may be found in 60 C. J. 977; but no rule of thumb can be laid down fixing its exact meaning. The court below defined substantial error " 'to be the making of an error that would work a change in result or injury or harm to a candidate or party,' " and error to be " 'deviation from the truth in matter of fact and not under that of substantial error.' " While we recognize the difficulty of defining what constitutes substantial error, we are convinced that the definition, as adopted by the court below, is not applicable to the

term as used in the statute. As we interpret the term, it has no relation to the ultimate result, nor can it be determined by a fixed number of errors, nor by the proportion which the errors bear to the number of the votes cast. The question must be determined by the facts as developed in each district and in its final analysis must be left to the reasonable discretion of the court below.

We are unable to agree with the distinction urged by appellants, that substantial error is committed if the returns do not correctly reflect the votes as they appear upon the ballots, while simple error is an error which is apparent on the face of the returns, such as an error in addition or in transferring totals from one sheet to another. In order to correct errors found on the face of the returns, the proper practice is to proceed under the Act of January 30, 1874, P. L. 31, §13, as amended by the Act of April 1, 1925, P. L. 103, 25 PS §2014, which covers fraud and mistake apparent on the face of the returns, and the question of substantial error in the counting of the votes cast, as found in the ballot box, must be determined as we have above outlined.

In these conclusions, we have given full consideration to the interpretations, of several of our courts of common pleas, of what constitutes substantial error under the Act of 1927, as found in the following cases: *Larimer Election District Ballot Box*, 15 Westmoreland Law Journal, 182; *In Re Opening Ballot Box, 1st Precinct, 1st Ward, Shenandoah*, 23 Schuylkill Legal Record, 382; *In Re Opening Ballot Box in 7th Ward, Lancaster*, 42 Lancaster Law Review, 80; *Petition to Bring in Ballot Boxes*, 27 Schuylkill Legal Record, 187.

The order is reversed with a procedendo, with directions to the court below to determine the questions involved in accordance with the views above expressed.