## Norristown Election. No. 2

*Leon H. Fox,* for exceptants.

KNIGHT, P. J., February 1, 1950.—Petitioners presented their petition under the Pennsylvania Election Code of June 3, 1937, P. L. 1333, sec. 1701, setting forth that upon information they believed that fraud or error was committed in the computation of the votes cast in the above district, for all officers at the general election, held on November 8, 1949.

A recount board was appointed, which presented its report to the court, on December 2, 1949.

This report shows that 556 ballots were cast; that 12 ballots were rejected by the recount board, and

that an undisclosed number of split ballots were improperly marked.

The recount board did not set out the number of votes shown to be cast for each candidate on the return of the election board, and the court did not examine the election return, but proceeded to decide that on the report of the recount board, no substantial error was shown, and directed that the $50 deposited by petitioners be forfeited to the county.

This was substantial error on the part of the court.

The Act of June 3, 1937, supra, provides that only in cases where no fraud or substantial error is found to exist may the $50 deposited be forfeited to the county.

What constitutes substantial error has never been defined by our appellate courts. The legislature, in using the term "substantial error", certainly did not mean that the deposit could not be forfeited if *any* error, no matter how slight, had been committed by the election board. It is too much to expect perfection of these bodies, and we venture to say that every election board commits some errors, either in the count, or in the interpretation of the election laws.

In Steelton Borough's Election Case, 129 Pa. Superior Ct. 302, at page 308, it is said:

"As we interpret the term (substantial error), it has no relation to the ultimate result, nor can it be determined by a fixed number of errors, nor by the proportion which the errors bear to the number of the votes cast. The question must be determined by the facts as developed in each district and in its final analysis must be left to the reasonable discretion of the court below."

An examination of the return of the election board in the above district discloses substantial differences between the votes tabulated by the election board for

the various candidates and the votes awarded by the recount board to the same candidates.

Without naming each candidate, the difference between the tabulation of the recount board and the election board, for the same candidate for every office, is as follows:

21 votes, 47 votes, 31 votes, 32 votes, 23 votes, 35 votes, 1 vote, 29 votes, 63 votes, 27 votes, 30 votes, 25 votes, 33 votes, 25 votes, 32 votes, 27 votes 34 votes, 1 vote, 3 votes, 31 votes, 21 votes, 27 votes, and 34 votes.

The errors sometimes favor the candidate of one party and sometimes the other, which would seem to negative the thought of intentional fraud, so this comedy of errors must be attributed to inefficiency and extreme carelessness.

We have no difficulty in the exercise of reasonable discretion in holding that there was substantial error in the return of the election board in the above-captioned district.

And now, February 1, 1950, the exceptions are sustained, our order of December 3, 1949, in the above case, is revoked, and the prothonotary is directed to return the $50 deposited in this case to Thomas J. Hasson, Sr., Laurence McCauley, and Albert D. Fasco, petitioners in this case.