## Armstrong's Appeal.

*Election law — Contested elections — County ballots—Practice,
C. P.—Act of April 23, 1927, P. L. 360—Statutes—Construction—
Time limit—Extension.*

1. The Act of April 23, 1927, P. L. 360, was passed for the
purpose of securing an accurate count and a true return of the
ballots actually cast during an election. It was not intended
to and did not disturb the then existing practice regarding con-
tested elections.

2. Where a petition, for a recount of the ballots in an election
district, has been filed in accordance with the provisions of the
Act of April 23, 1927, P. L. 360, the court should impound the
ballot box, and cause the recount to be made by a special recount-
ing board, appointed by it for the purpose. It cannot properly
stay the proceedings and refer the matter to some other court.

3. In proceedings under the Act of April 23, 1927, P. L. 360,
the ballots to be recounted are those which were actually cast
by the voters, and which should have been properly counted,
computed and returned by the election officers.

4. If, in proceedings under the Act of April 23, 1927, P. L.
360, the court is satisfied that the ballots in the box are not those
which were cast by the electors, or that the marks thereon have
been changed, so that, in either event, the votes actually cast
cannot be ascertained from an examination of the contents of
the box, it should unhesitatingly refuse to accept such contents
as verity, treat the return made by the election officers as correct,
and leave the parties to an election contest for the purpose of
having their respective rights determined.

5. The courts have no power to extend the time limited for the performance of an act authorized by statute.

*Election law—School directors—Acts of May 19, 1874, P. L. 208, and May 18, 1911, P. L. 309—Contest.*

6. Section 223 of the School Code of May 18, 1911, P. L. 309, 322, relates to the contest of the validity of an entire election, and not to determine which of several candidates was elected to a particular office; the latter procedure is governed by section 18 of the Act of May 19, 1874, P. L. 208, 213.

*Appeals — Election law—Record—Certiorari—Review—Opinion of court—Findings of fact—Fundamental questions.*

7. In statutory proceedings, where an appeal is not authorized, if one is taken it will have the effect of a certiorari only, and judicial review will be restricted to the regularity of the record, though, in election matters, findings of fact contained in the opinion of the court below may be considered so far as they concern fundamental questions.

Argued March 14, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 45, March T., 1928, by T. P. Armstrong et al., from order of C. P. Allegheny Co., Jan. T., 1928, No. 2694, dismissing petition in re recount of ballots cast in the second election district of Hampton Twp., in the County of Allegheny. Affirmed.

Petition in matter of recount of ballots. Before FORD, J.

The opinion of the Supreme Court states the facts.

Petition dismissed. Petitioners appealed.

*Errors assigned,* inter alia, were order dismissing petition and order dismissing exceptions to recount, quoting record.

*John M. Henry,* for appellants, cited: Jenkins's Election, 6 Law Times (N. S.) 33; McMenamin's Contested Election, 13 Phila. 422.

*Ralph H. Frank* and *Edward O. Spotts, Jr.,* for appellees, cited: Plains Twp. Election Returns, 280 Pa. 520; Hayes v. Boyle, 42 Pa. C. C. R. 236; Norwegian Twp. Election Contests, 39 Pa. C. C. R. 231; Maggese's Petition, 41 Pa. C. C. R. 450; South Connellsville's Contested Election, 41 Pa. C. C. R. 488; Wetherstein's Election, 48 Pa. C. C. R. 627; Warren Boro. Election, 274 Pa. 352; Zerby v. Snare, 107 Pa. 183.

OPINION BY MR. JUSTICE SIMPSON, April 9, 1928:

At the election held November 8, 1927, Robert F. Sample and H. Russell Anderson were rival candidates for the office of school director in Hampton Township, Allegheny County, Pa. The township had four election districts, and, by adding together the returns made by the four sets of election officers, Sample apparently had a small majority. Before these returns were computed and canvassed, a petition was duly filed, as authorized by the Act of April 23, 1927, P. L. 360, asking the court of common pleas to impound the ballot box in the second election district of the township, and to direct the votes therein to be correctly counted by a special recounting board appointed by the court. The petition was granted, and the recount was made without summoning the election officers to be present, albeit this would have been the better practice, though not required by the statute. One or more of them were present, however, and "stated to the special board that certain ballots......were in a different condition from [that which] they were in when they were counted" by the election officers. They did not then complain of the condition of the ballot box, or allege that there had been any tampering with it. The board reported that it had "inspected the ballots very carefully for any evidence of alteration," but found none, and hence attested the result of the recount, the effect of which was to so decrease the vote of Sample and increase that of Anderson, as to give to the latter a majority of

the votes cast in the township. The report was approved by the court, which duly certified it to the proper officials, who thereupon computed and canvassed all the returns and issued a certificate of election to Anderson.

On the same day, Sample and the election board jointly filed two papers in the court of common pleas, one a petition, and the other exceptions to the report of the special board, complaining in each that the board had opened the box "without ascertaining, by evidence or in any way, if there was a clear and intentional dereliction of duty on the part of the election officers, if the ballot box......[had been tampered with], or if the ballots found in the box......were the same as cast and marked by the voters." Petitioners prayed that they be given an opportunity to present to the court the facts in regard to these complaints, and, if the court had no jurisdiction to enter into such a hearing, that all proceedings be stayed and "the matter referred to the quarter sessions court, where an election contest has been filed by H. Russell Anderson." They inserted this latter prayer, because, as they averred, "Sample will [otherwise] be deprived of an opportunity to assert his rights," since the ten days allowed by section 223 of the School Code of May 18, 1911, P. L. 309, 322, for beginning a contested election proceeding, had already expired. No complaint was then made because the special board, and not the court itself, had opened the ballot box in order to make the recount. The court below dismissed both the petition and the exceptions, and this appeal followed.

No other course than that taken by the court below would have been proper. The Act of 1927, under which the proceedings were had, was passed for the purpose of securing an accurate count and a true return of the ballots actually cast, and was not intended to and did not disturb the then existing practice, which required the candidate, who appeared on the face of the returns to be defeated, to contest the election, if he desired a

review of the way in which it was conducted or of the votes actually cast: 28th Congressional District Nomination, 268 Pa. 313; Smith's Petition, 292 Pa. 140. It ought not to be necessary to say, that the court below would have grievously erred, if it had evaded the duty imposed on it by the Act of 1927, and had complied with appellants' request to stay further proceedings, and refer the matter to the court of quarter sessions, which had no jurisdiction to consider the subject.

In its opinion the court below said: "If, when the box was about to be opened by the board, an election officer or a candidate had reasonable grounds for believing that the box had been opened......at any time after it passed from the custody of the election officers, and had so charged, an examination would have been made, and if the condition of the box, or the facts proven, showed there was a probability of improper access [to the box], or the likelihood of the commission of fraud, the court might have refused to accept the contents as verity." It could well have been more positive regarding its duty under the facts recited. Wherever proceedings are had under the Act of 1927, if the court is satisfied the ballots in the box are not those which were cast by the electors, or that the marks thereon have been changed, so that, in either event, the vote actually cast cannot be ascertained from an examination of the contents of the box, it not only might but should unhesitatingly refuse "to accept the contents as verity," should treat the return made by the election officers as correct, and leave the parties to an election contest for the purpose of having their respective rights determined. Under the statute, the ballots, which are to be recounted, are those which were actually cast by the voters, and which should have been properly counted, computed and returned by the election officers. In the present instance, however, as the court below correctly said, no such issue was raised at the time the ballot box was opened, the votes counted and the returns certified. It

was too late to raise it after the box had been opened and the votes recounted.

If it had been true that, by lapse of time, Sample had lost an opportunity to contest the election, the court would have had no power to aid appellants, since it could not extend the time limited for the performance of an act authorized by statute: Schrenkeisen v. Kishbaugh, 162 Pa. 45; Harris v. Mercur (No. 1), 202 Pa. 313; St. Clair Borough v. Souilier, 234 Pa. 27. It was not true, however. Section 223 of the School Code, supra, upon which the allegation is based, relates to a contest of the validity of an entire election, and not to determining which of several candidates was elected to a particular office: Norwegian Township Election Contests, 39 Pa. C. C. Rep. 231; Maggese's Petition, 41 Pa. C. C. Rep. 450; South Connellsville's Contested Election, 41 Pa. C. C. Rep. 488; Hayes v. Boyle, 42 Pa. C. C. Rep. 236; Wetherstein's Election, 48 Pa. C. C. Rep. 627. True, these decisions are not binding upon us, but we now approve of the conclusion reached in them. It follows that a contest between candidates for the office of school director, like such contests for other officers, is governed by section 18 of the Act of May 19, 1874, P. L. 208, 213; thirty days after the election is allowed for instituting the proceedings; and Sample had plenty of time to contest the election after Anderson had been declared elected.

We have thus far considered the case as if the matters complained of were before us as upon an ordinary appeal, though none is allowed by the statute. In legal effect this is really "but a certiorari, and on such an appeal judicial review is restricted to the regularity of the record, though in this class of cases......findings of fact, contained in the opinion of the court below, may be considered so far as they concern fundamental questions": Smith's Petition, 292 Pa. 140; Independence Party Nomination, 208 Pa. 108. Here, the record

is regular, and the lower court's findings of fact fully justify its conclusions.

The orders of the court below are affirmed and the appeal is dismissed at the cost of appellants.