## Hazleton City Mayoralty Election.

## Gerlach's Appeal.

Argued May 14, 1930. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

*Arthur H. James,* with him *John H. Dando* and *Conrad A. Falvello,* for appellant.—The court was without authority to certify the recount on the expiration of three days after the returns were brought in for computation: Plains Twp. Election Returns, 280 Pa. 520; Carbondale Election Returns, 280 Pa. 159.

The court was without authority to extend the computation proceedings for a period of thirty days after the election and thus preclude an election contest by the party who had been elected on the official returns.

The court was without authority to recount the ballots in chambers after the same had been recounted by the appointed boards.

The court of common pleas, sitting as a board of computation, has no authority to review the honest errors committed by the election board: Plains Twp. Case, 280 Pa. 520, 523; In re 15th Div., 22d Ward, 18 Pa. Dist. R. 193.

The court was without authority to reject the sealed returns and accept the recount without testimony showing fraud or substantial error.

*John H. Bigelow*, with him *M. F. McDonald, J. Harold Flannery* and *C. A. Rogan*, for appellee, cited: Com. v. Griest, 196 Pa. 396; Election Case, 65 Pa. 20; Paff v. Bacon, 249 Pa. 297; First Congressional Dist. Election, 295 Pa. 1.

OPINION BY MR. JUSTICE SIMPSON, June 21, 1930:

This is an appeal from an order made by the Court of Common Pleas of Luzerne County, following a recount of the 1929 vote for the office of mayor of the City of Hazleton. Originally there were twenty-one proceedings, but, by consent, they were consolidated into one. Only the order itself is assigned as error; hence all the facts found by the court below must be accepted as true: Atlas Portland Cement Co. v. American Brick & Clay Co., 280 Pa. 449; Keck v. Vandyke, 292 Pa. 532; Bangor Electric Co.'s Petition, 295 Pa. 228.

The proceeding was begun and prosecuted under the Act of April 23, 1927, P. L. 360. In Dunmore Boro. Election, 299 Pa. 517, we held: 1st, (page 523), that "the court of common pleas had jurisdiction [under that statute] to order a recount of the ballots...... This necessarily includes all ballot boxes used at all elections and for all offices...... [The statute] is not an amendment of the [earlier] acts, which give power to the judges, who sit to compute and certify election returns,

to correct irregularities in certain instances, but creates an additional and independent remedy enforceable by any court of common pleas or judge thereof of the county in which the question may arise...... The Act of 1927 is a highly remedial statute and should be liberally construed": 2d, (page 523), that the act expressly authorizes the court to "open the ballot box......and cause the entire vote to be correctly counted, by persons designated by such court"; and 3d, (page 526), " 'This statute does not allow an appeal; therefore an appeal ......is but a certiorari, and on such an appeal judicial review is restricted to the regularity of the record, though, in this class of cases, in passing on the regularity of the record, findings of fact contained in the opinion of the court below may be considered so far as they concern fundamental questions': Smith's Petition, 292 Pa. 140, 142; Armstrong's App., 293 Pa. 6. As was said in Carbondale's Election, 280 Pa. 159, 167: 'This is most peculiarly a case where the findings of the court below are entitled to the fullest credit......as they are based upon what came to the eyes of the judges by their inspection of the ballots and on the credibility of witnesses.' "

Under the foregoing rulings, all that is said by appellant, regarding the alleged erroneous findings of fact by the court below, must be excluded from consideration. Hence, the only points we can possibly review are: (1) Was the court below required to decide the questions raised by the petition "within three days after the day the returns are brought into court for computation?" (2) Was it required to decide the case within the thirty days allowed by other statutes for beginning an election contest? (3) Had the court below authority to review honest errors of law committed by the election officers? (4) Had the court below authority, after the official recount was concluded, to recount the ballots in the absence of counsel and parties, and to adopt such recount? The first three of these questions were answered, in

effect, in Dunmore Boro. Election, supra, but will be briefly treated again.

The 1st and 2d may be considered together. In earlier statutes, it is provided that "all allegations of palpable fraud or mistake shall be decided by the said court within three days after the day the returns are brought into court for computation." Neither that language, nor anything similar to it, appears in the Act of 1927, which, as already pointed out, "is not an amendment to the [prior] acts......but creates an additional and independent remedy." Moreover, section 5 of this statute provides that "Ballot boxes may be opened, under the provisions of this act, at any time within four months after the date of the......election at which the ballots therein shall have been cast." It is evident that a proceeding which may be begun within four months, cannot have been intended to be decided, in every contingency, "within three days after the day the returns are brought into court for computation." Nor can the time for making the decision be limited to the thirty days after the election, within which time, according to other statutes, a contest must be commenced. It is undoubtedly true that this conclusion may work a hardship on the one who loses on the recount; but it results from the introduction of a new system without properly taking into account the way in which it may affect the old, and is a matter solely for legislative consideration.

The 3d inquiry of appellant is: "Had the court below authority to review honest errors of law committed by the election officers?" Under prior statutes they had not (Plains Township Election Returns, 280 Pa. 520) ; but, as already pointed out, the Act of 1927 "creates an additional and independent remedy." It is not in pari materia with the earlier acts; on the contrary, its purpose, as expressed in section 1, is to "cause the entire vote......to be correctly counted," and if, as section 5 specifies, "the court shall discover any fraud or *substantial error*" it must correct the returns made by the elec-

tion officers and certify its conclusion "regardless of any fraudulent or *erroneous* entries made by" them. Even without the liberal construction which we are required to give to the statute, we would have to decide that, under it, the recounting judges had the duty of correcting the erroneous, though honest, acts of the election officers, so far as they were disclosed by the court's inspection of the ballots. Indeed, as we know from the history of this legislation, the necessity for doing so was one of the principal reasons for its passage—the correction of fraudulent acts of the election officers being provided for by earlier statutes.

Appellant's final question, viz., "Had the court below authority, after the official recount was concluded, to recount the ballots in the absence of counsel and parties, and to adopt such recount?" is best answered by saying that this question does not set forth the actual facts. What did occur was that, in the course of the recount, a number of ballots were found to have been so marked as to leave in doubt the question as to whether or not these particular votes should be counted for either of the candidates, and hence the ballots were laid aside until the rest of the recount was concluded. The four judges of the district, who were qualified to sit, without taking any further evidence, then consulted, in private, regarding those badly-marked ballots and the other legal questions which arose during the recount. The consultation on these points was practically all that was done in the absence of parties and counsel, and the judges were well within their rights in so acting. It is the usual and only practical way to consider and determine the legal issues raised in open court.

The order of the court below is affirmed at the cost of appellant.