Edwards, Appellant, *v*. Prutzman et al.

Argued November 14, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*A. E. Hurshman,* and with him *S. Maxwell Flitter,* for appellant.—The common pleas court when it institutes proceedings under the Act of April 23, 1927, P. L. 360 does not act in its judicial capacity, but merely as a substitute for the computation board in elections: In re: Primary Election, 6 D. & C. 501; First Congressional Dist. Election, 295 Pa. 1; 28th Congressional Dist. Nom., 268 Pa. 313.

*Frank X. York,* County Solicitor, and with him *Ben*

*Branch,* for appellees, cited: Luzerne County Election Returns, 301 Pa. 247; Re Surcharge of County Commissioners, 12 Pa. D. & C. 471; Browarsky's Estate, 252 Pa. 35; McDonald v. Simcox, 98 Pa. 619.

OPINION BY TREXLER, P. J., March 3, 1933:

The plaintiff filed a bill in equity in which he recited: he was a citizen and taxpayer of Carbon County; there was an election held on November 4, 1930; petitions were presented under the Act of April 23, 1927, P. L. 360, praying for the opening of ballot boxes in certain election districts in said county; that in pursuance of the request of petitions the court directed the ballot boxes to be opened but exceeded its authority under the aforesaid act and proceeded in a judicial capacity instead of confining itself merely to a recount of the ballots found in said election boxes, and without warrant of law engaged one Webster A. Melcher of the City of Philadelphia as a handwriting expert, and subsequently directed the commissioners to pay the bill for his services. The prayer is that the commissioners be restrained from paying the bill. The court refused the prayer, ordered the commissioners to pay the bill and this appeal followed.

The appellant argues that under the Act of April 23, 1927, P. L. 360, the court was required merely to see that a recount of the ballots was made, and that it exercised no judicial function. The act referred to in Section 1 provides that upon proper petition being presented the court shall open the ballot boxes, and shall designate persons to count the vote, that if upon opening the ballot boxes it is found that either fraud or substantial error was committed the court shall certify the fact to the prothonotary to enable the ballot boxes and contents thereof to be available as evidence. The reference in the act is to "the court." The recounting of the votes is the object of the pro-

ceeding, Luzerne County Election Returns, 301 Pa. 247; 151 A. 897; Hazleton City Election 301 Pa. 14, 151 A. 586; Armstrong's Appeal, 293 Pa. 1, 141 A. 633; and in so doing, the court is to ascertain whether there is any fraud or substantial error appearing. This requires something more than the mere counting of the votes. It involves the exercise of judicial functions to decide whether certain votes shall be counted or not. These are legal questions, which are to be considered and determined by the court, Hazleton City Election, supra.

In the present inquiry we are not concerned as to whether the court arrived at a proper conclusion. It had jurisdiction of the subject matter, and there being no appeal what we may call the final decision cannot be impeached collaterally. Notwithstanding this, however, the question then remains whether the judge hearing the matter could in his judicial capacity call an expert witness to assist in the determination of the question whether certain marks in the ballots were fraudulent. We find no decision directly in point, but there are numerous cases which hold that (15 C. J. 900): "Courts have inherent power to incur and order paid all expenses necessary for the holding of court and the discharge of the duties thereof. In the absence of some statutory provision in reference thereto, it is for the court alone to determine what expenditures are necessary to carry on the business of the court, but if there is a statute in reference thereto the power of the court is controlled thereby."

Judge MAXEY now of the Supreme Court in re Surcharge County Commissioners, 12 D. & C. 471 filed an exhaustive opinion in regard to the right of a judge to appoint a stenographer or clerk to assist him in the performance of the duties of his office at a salary to be paid by the county, and reference is made to a large number of cases which hold that courts have

the inherent right to order expenditure for things necessary to the administration of justice.

This was not an ordinary lawsuit, but a matter in which the Commonwealth was interested. The preservation of the purity of elections is one of the most important subjects that can engage the attention of the courts. In the endeavor to discover the presence or absence of fraud we can readily conceive that assistance rendered by a handwriting expert might be of great aid. The extent of such assistance would be a matter within the sound discretion of the court subject to correction by the appellate courts in case the discretion is abused. In this case there is no objection urged to the amount expended. The objection is entirely directed to the right to cause the expenditure to be made. We believe that Judge SHULL who was called specially to pass upon the matter has correctly decided the case, and his decree directing the proper officers of the County of Carbon to pay the bill of the expert is proper.

The decree is affirmed; appellant to pay the costs.