## In re Hawley Borough Election

*Clement J. Reap*, for petitioners.

SWOYER, P. J., December 24, 1937.—A general election in Wayne County, which includes the Borough of Hawley, was held on November 2, 1937. The election board of the said borough made its return showing for

the office of chief burgess Wm. A. McNamara (D.), 367 votes and for Richard Evans (R.), 372 votes. On November 5, 1937, Charles K. Bomba, George E. McNamara, and Reuben M. Bea filed their petition to open the ballot box and for a recount of the said vote for chief burgess in the said borough, alleging fraud, mistake, or error in the said vote. On the same day we made an order directing the opening of the said ballot box and appointed Edward Fisch, Henry Flora, and L. B. Maxwell as a special board for the purposes of the recount prayed for. On November 29, 1937, the said board presented to the court its report and retabulation of the vote in Hawley Borough, which report we directed to be filed, with the notation "Exceptions, if any, to be filed within 10 days". This recount for the office of chief burgess gave to McNamara 365 votes and to Evans 363 votes, although a minority report of one member of the recount board (Mr. Maxwell) gave to McNamara 364 votes and to Evans 363 votes. Exceptions to this report on the part of both McNamara and Evans were filed December 4, 1937.

Prior to the filing of exceptions as aforesaid and within the 30-day limit prescribed by law, both McNamara and Evans filed contests of the said election. The contest of McNamara was dismissed on December 4, 1937, because of a legal deficiency in the required bond, and the petition for contest on the part of Evans was withdrawn, by leave of court, on December 20, 1937.

This leaves before us only the exceptions to the report of the recount board, and it is upon these exceptions, which were argued December 21, 1937, that the matter is before us. During the argument it was disclosed that there was a discrepancy between the number of votes or ballots in the box and the number shown upon the return sheet, and that the ballot box, when delivered by the sheriff to the recount board, was unlocked. We, therefore, at the suggestion of C. J. Reap, attorney for McNamara (one of the exceptants), summoned the members of the recount

board before us and, in the presence of counsel for both exceptants, examined them upon the above-stated points.

The evidence, taken on December 23, 1937, showed among other things that while the return sheets of the election board tabulated 753 votes, but 751 ballots were found in the ballot box; that the box when delivered to the recount board was unlocked, although closed by seals placed thereon by the county commissioners after the delivery of the box to them by the election board; that the recount board was not advised as to how certain marks, erasures, or mutilations occurred upon the ballots, but considered them as they found them in the box. There was other evidence as to the outward condition of the box when it was delivered by the commissioners to the sheriff, but we regard this as being immaterial in a recount proceeding where the issue is whether or not from the contents of the box when delivered to them, in connection with the records, the recount board can by correcting honest errors of law or otherwise compile a correct tabulation of the result.

With the report of the recount board, the actual ballots and the evidence before us, we can proceed to a consideration and disposal of the exceptions filed to the said report. In this connection we note that the exceptions filed by Mr. Male all traverse the right and power of the recount board to recount and retabulate the votes in the ballot box in a recount proceeding and under the conditions in which the box was found; the exceptions of Mr. Reap all go to the several rulings and findings of the recount board during the recount. It is obvious that if the exceptions of Mr. Male are sustained it will be unnecessary to consider the exceptions filed by Mr. Reap, for if the recount board lacked authority to act as it did in the premises, then the manner in which it acted and the results of such action are immaterial. We consider first, therefore, the exceptions filed by Mr. Male, treating them for the purpose of this opinion as being general objections to the action of the recount board (1) as being in ex-

cess of its authority and power as a recount board and; (2) because the condition of the ballot box and contents was such as to prevent a correct computation of the returns.

The proceedings in this case are under the Pennsylvania Election Code of June 3, 1937, P. L. 1333; so far this act lacks judicial interpretation upon the points involved in the present controversy. The said act is, however, a reënactment and codification of prior legislation, particularly as to appeals from the findings of the election board and upon contested elections: Patterson's Petition, 85 Pitts. 797.

Prior to the enactment of the Act of April 23, 1927, P. L. 360, the court had no power to review honest errors of law committeed by the election officers, the decision in such matters being relegated entirely to an election contest; the said Act of 1927, supra, created a new and independent remedy, and, being a remedial statute, must be liberally. construed: Hazleton City Mayoralty Election, 301 Pa. 14, 18, and Plains Township Election Returns, 280 Pa. 520. The Act of 1937, supra, being, upon the points involved, a mere reënactment of the Act of 1927, the decisions of our higher courts interpreting the Act of 1927 are applicable to the Act of 1937. The leading cases upon this interpretation are Hazleton City Mayoralty Election, supra, and Luzerne County Election Returns, 301 Pa. 247.

The two cases are, at first glance, conflicting in their definition of the duties of a recount board. The Hazleton case says:

"Under the Act of 1927, the court below must cause the entire vote to be correctly counted, and, if fraud or substantial error is found, must alter the returns accordingly. In so doing, it should review and correct the honest errors of law committed by the election officers, exactly as it corrects other substantial errors.

"After the evidence in a case arising under the Act of 1927 is concluded, the court below may decide, in consul-

tation and in the absence of counsel and litigants, all the legal questions raised in the case, and thereupon enter its final order." ˙

In Luzerne County Election Returns, supra, a later case in which the Hazleton case is cited and referred to, the court says, in part:

"There is a distinction between a contest of an election and a proceeding for recount of votes. In the latter case, even honest errors of law on the part of election officers are not subject to review, but the record alone can be examined on certiorari to determine if a mistake in tabulation has been made. If the contents of the ballot box are in such condition, or such irregularities appear as to render impossible a correct count, due to fraud, then the returns of the election officers must be accepted, for the recomputation is not a substitute for a contest in which the legality of the votes actually cast may be passed upon.

. . . .

"A proceeding based on the Act of 1927, is confined to a recounting, and, in addition, the proper correction of errors in calculation apparent on the face of the returns.

"If the reception of illegal votes is made evident, resulting in an admittedly dishonest return, the computation must be accepted and the parties relegated to election contest proceedings."

If these two cases can be reconciled, it must be upon the following basis: (1) If, in a recount proceeding, an examination of the returns and of the ballots discloses errors of computation or of calculation, or such honest errors of law as may be so ascertained and corrected, it is the duty of the court to correct such computation, as well as honest errors of law, if any, and certify to such corrected return; (2) if, however, the contents of the ballot box are in such condition that a correct computation thereof is impossible, then, in a recount proceeding, the court must accept the return of the election board as verity and dismiss the petition for recount. Proposition

2 is in accordance with the precise ruling of the Luzerne County case, which holds:

"Where a petition is presented to the court for a recount of election returns in a primary election, in the manner provided by the Act of April 23, 1927, P. L. 360, and the court finds that fraud was so extensive as to make a correct tabulation impossible, the petition will be dismissed.

"If the reception of illegal votes is made evident, resulting in an admittedly dishonest return, the computation of the election officers must nevertheless be accepted, and the parties injured relegated to contest proceedings."

It is obvious that an adjudication of this case depends upon which of these two classifications applies to the instant case. The testimony taken, as well as an examination of the ballot box and the contents thereof, discloses the following facts:

1. The ballot box was unlocked and the lock thereof broken when the said box was delivered by the commissioners to the sheriff and when delivered by the sheriff to the recount board.

2. The ballot box was resealed in the commissioners' office prior to the delivery to the sheriff.

3. The returns of the election board showed, and computed, 753 votes, whereas there were but 751 ballots in the box. In an election as close as this, particularly for the office of chief burgess, these two missing votes might have completely changed the result of the election.

4. Two ballots had the numbered portion still attached.

5. Forty-one ballots had lines drawn through various party groups and office blocks.

6. Five ballots had "X" marks of irregular form.

7. Eight ballots had erasures, mutilations, or defective markings.

8. Seven ballots showed erasures or mutilations in the office block of chief burgess.

9. Thirteen ballots contained large "X" marks through entire office blocks.

10. Twenty-one ballots contained irregularities or mutilations of various sorts.

Under these circumstances, it is impossible to rectify or completely and accurately compute the return; we must accept the return of the election officers as verity under the ruling in the Luzerne County case, and the petition for a recount must be dismissed.

It is unfortunate that this action must be taken after the time limit for the filing of contest proceedings has expired. But, as the Supreme Court said under similar circumstances in the Hazleton case, supra:

"In earlier statutes, it is provided that 'all allegations of palpable fraud or mistake shall be decided by the said court within three days after the day the returns are brought into court for computation.' Neither that language, nor anything similar to it, appears in the Act of 1927, which, as already pointed out, 'is not an amendment to the [prior] acts . . . but creates an additional and independent remedy.' Moreover, section 5 of this statute provides that 'Ballot boxes may be opened, under the provisions of this act, at any time within four months after the date of the . . . election at which the ballots therein shall have been cast.' It is evident that a proceeding which may be begun within four months, cannot have been intended to be decided, in every contingency, 'within three days after the day the returns are brought into court for computation.' Nor can the time for making the decision be limited to the thirty days after the election, within which time, according to other statutes, a contest must be commenced. It is undoubtedly true that this conclusion may work a hardship on the one who loses on the recount; but it results from the introduction of a new system without properly taking into account the way in which it may affect the old, and is a matter solely for legislative consideration."

In any event, the situation was not created by the court, as a comparison of the dates of filing the several proceedings in this complicated matter as set forth on the first

page of this opinion will show that we disposed of all matters connected therewith immediately after they reached our hands for disposition.

In accordance with the laws of this State and for the reasons set forth in the foregoing opinion, we are compelled to make the following order:

Now, to wit, December 24, 1937, exceptions to the findings of the recount board filed on behalf of Richard Evans are sustained and those filed on behalf of William McNamara are dismissed; the petition for a recount is dismissed, the return of the election board of the Borough of Hawley for the election held November 2, 1937, is treated as a verity and the County Commissioners of Wayne County, sitting as the Election Board for Wayne County, are directed to certify the returns of the Election Board of the Borough of Hawley.