## Fishingcreek Township Election Case.

Argued March 5, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, RHODES and HIRT, JJ.

*Abraham J. Levinson,* for appellant.

No appearance was made nor brief filed for appellee.

OPINION BY BALDRIGE, J., April 16, 1941:

This is an appeal in an election recount proceeding
conducted by the court below under the provisions of
section 1701, Article XVII, of the Election Code, ap
proved June 3, 1937, P. L. 1333, 25 PS §3261.

Three qualified and registered electors of the East
district of Fishingcreek Township, Columbia County,

presented their petition alleging that they believed "that error, although not manifest on the general return," was made in the computation of the votes cast at a primary election held September 17, 1939, and prayed that the ballot box of that district be opened and the entire vote recounted. The electors had voted for or against the granting of licenses for the sale of liquor, and of malt or brewed beverages in accordance with the provisions of section 502 of the Pennsylvania Liquor Control Act, approved November 29, 1933, Sp. Sess., P. L. 15, Article V, as finally amended by the Act of June 16, 1937, P. L. 1762, §1, 47 PS §744 (501-502), and section 32 of the Beverage License Act, P. L. 1827, 47 PS §100n. The court ordered the ballot boxes in both the East and West districts of Fishingcreek Township to be opened and appointed three persons to count the ballots and make a correct return thereof in accordance with the provisions of the Act of 1937, supra.

The majority of votes cast in each district was in opposition to the granting of either of these licenses. The recount showed but a slight and inconsequential difference in the number of votes cast. It appeared at the recount that a number of ballots in each box had not been counted as the perforated corners were not torn off before being placed in the box. That action met with the approval of the court and was in compliance with Article XII, section 1215, of the Act of 1937, supra, 25 PS §3055 (d), which provides, inter alia, as follows: "Any ballot deposited in a ballot box at any primary or election without having the said number torn off shall be void and shall not be counted." The number of void ballots added to the number of valid ballots counted, tallied with the number of names on the registry list. The results of the election were very properly determined by disregarding the illegal ballots and counting only the legal ballots cast.

The appellants contend that the returns were defec-

tive in that they did not show (1) the number of ballots issued to the electors as shown by the stubs, (2) the number of spoiled and cancelled ballots, (3) the number of electors voting as shown by the voting check list, (4) the number of ballots cast, (5) the number of blank ballots, and (6) the number of void ballots, as required by sections 1221 and 1222 of the Pennsylvania Election Code of 1937, supra, 25 PS §§3061-3062. The appellants assert that a recount proceeding must follow without deviation, the requirements of these sections. The sections relied upon refer to the duties of election officers after the closing of the polls and have no relation to the matter now before us.

We find nothing in section 1701, supra, which governs this appeal, directing the report of a recount made in the presence and under the supervision of the court, to set forth such detailed data. It provides, inter alia: "(a) The court of common pleas, or a judge thereof, of the county in which any election district is located in which ballots were used, shall open the ballot box of such election district used at any general, municipal, special or primary election held therein, and cause the entire vote thereof to be correctly counted by persons designated by such court or judge. . . . . . ." It states further that if fraud or substantial error was committed in the computation of the votes or if fraud appears in the marking of the ballots or otherwise in connection with such ballots, it shall be the duty of the court to certify such fact to the prothonotary. Nothing further is required.

In *Smith's Petition*, 292 Pa. 140, 140 A. 854, the Supreme Court passed upon a proceeding to open a ballot box under the Act of April 23, 1927, P. L. 360, now repealed, which contained substantially the same provisions as section 1701 of the Act of 1937, supra. It was there held that an appeal taken from the action of the computation board "is but a certiorari, and on such an appeal judicial review is restricted to the regu-

larity of the record, though in this class of cases, in passing on the regularity of the record, findings of fact contained in the opinion of the court below may be considered so far as they concern fundamental questions."

The findings of the court below are always entitled to the fullest credit, especially in the type of a case now before us, as it has an opportunity to inspect and pass upon the validity of each of the ballots, and if palpable fraud or error in making the computation appears, the court may make necessary corrections: *Armstrong's Appeal*, 293 Pa. 1, 4, 141 A. 633; *First Congressional District Election*, 295 Pa. 1, 144 A. 735; *Dunmore Borough Election*, 299 Pa. 517, 526, 149 A. 733; *Luzerne County Election Returns*, 301 Pa. 247, 151 A. 897; *McCaffrey's Appeals*, 337 Pa. 552, 11 A. 2d 893. The primary purpose of our statute is to secure an accurate count and a true return of the ballots actually cast at an election, and this was done. The court's determination that a majority of the legal votes cast was in opposition to the sale of liquor, malt, or brewed beverages in Fishingcreek Township, was a sufficient compliance with the statute and is final and complete disposition of the controversy: *Munce et al. v. O'Hara*, 340 Pa. 209, 16 A. 2d 532.

The order of the court below is affirmed at appellants' costs.