Rome Township Referendum Recount Case.

Argued September 28, 1959. Before BELL, MUS-MANNO, JONES, COHEN, BOK and MCBRIDE, JJ.

*Paul E. Allen,* with him *Stuart A. Culbertson,* for appellant.

*John S. Kookogey,* for appellees.

OPINION BY MR. JUSTICE BOK, November 9, 1959:

Three residents of Rome Township, Crawford County, filed a petition alleging error in the count of ballots cast during the primary election held in May,

1959. The subject of the alleged error was the vote on a referendum concerning the grant of malt and brewed beverage licenses in the township.

The vote was 126 for and 125 against. The court below issued a rule to show cause and notice was sent to the sole licensee under the Liquor Control Act in the township. He filed an answer to the petition, alleging that the Election Code (Act of June 3, 1937, P. L. 1333, §1701 et seq., 25 P.S. §3261) makes no provision for contesting or recounting the vote on a referendum. The court below discharged the rule and ordered the recount. The licensee then appealed.

His first point is that the title of the Election Code does not foreshadow recounts and hence violates Article III, Section 3, of the State Constitution. This was not raised in the court below and will not be considered here: *Williams v. Masters, Mates, and Pilots of America, Local No. 2*, 384 Pa. 413 (1956), 120 A. 2d 896, even though a Constitutional question is involved: *Montgomery County Bar Association v. Rinalducci*, 329 Pa. 296 (1938), 197 A. 924; *Muse-Art Corp. v. City of Philadelphia*, 373 Pa. 329 (1953), 95 A. 2d 542.

We held in *Kittanning Country Club's Liquor License Case*, 330 Pa. 311 (1938), 198 A. 91; *Greene Township Malt Beverage License Contest*, 331 Pa. 536 (1938), 1 A. 2d 670, and *Gunnett v. Trout*, 380 Pa. 504 (1955), 112 A. 2d 333, that a contest of a liquor referendum is not authorized by the Election Code or by any other statute. The question is therefore whether a recount, as distinguished from a contest, is so authorized.

The forerunner of the Act of 1937 was the Act of April 23, 1927, P. L. 360. It has been held to be a highly remedial statute which should be liberally construed in order to secure a proper computation of the votes cast at an election: *Hazleton City Mayorality Election*, 301 Pa. 14 (1930), 151 A. 586. We see no

reason to think differently of the Act of 1937. Certainly the policy of the law should be in favor of machinery that ensures good arithmetic in counting ballots: *Fishingcreek Twp. Election Case,* 144 Pa. Superior Ct. 277 (1941), 19 A. 2d 491; *Bradley Election Case,* 352 Pa. 63 (1945), 42 A. 2d 155.

The Act makes clear provision for both contests and recounts. The words "fraud or error" are used with respect to elections, and in *McLaughlin's Appeal,* 345 Pa. 498 (1942), 29 A. 2d 45, we said: "Article XVII of the present election code, just as the act which it replaced, deals with two matters, (1) the computation and certification of votes as returned and (2) an election contest after the computation of the returns has been made: cf. Twenty-eighth Congressional Dist. Nom., 268 Pa. 313, 318, 112 A. 74. That article first provides in §§1701-1703 a short and expeditious remedy by an opening of the ballot box and a recount by a court of common pleas. The purpose is to ascertain whether fraud or substantial error has occurred in the computation of the votes or marking of the ballots in a particular precinct. It does not provide for a general investigation of all matters involving the election machinery. If the earlier sections were so construed as to extend the court's jurisdiction over matters which do not directly relate to correcting fraudulent or erroneous returns, the subject matter dealt with, there would be no need for an election contest".

The intention of the Legislature to allow the recount of ballots cast on a referendum is supplied by the final, italized phrase of the first sentence of Section 1701 of the Code (25 P.S. §3261), which provides that the court: ". . . shall open the ballot box . . . and cause the entire vote thereof to be correctly counted by persons designated by such court or judge, if three qualified electors of the election district shall file . . . a petition

... alleging that upon information which they consider reliable they believe that fraud or error . . . was committed in the computation of the votes cast for all offices or for any particular office or offices in such election district, or in the marking of the ballots, *or otherwise in connection with such ballots.*" (Italics supplied.)

There is significance in the wording of Section 1702 (25 P.S. §3262), which deals with "fraud or error . . . in the canvassing of the votes cast on" voting machines. There is no mention of "office or offices", as there is in Section 1701, and although there is provision in both sections that notice of the recount shall be given to candidates, it is obvious that in a vote on a referendum it is not necessarily possible to know who may be interested and hence entitled to notice; theoretically the entire constituency is interested. It would be senseless to distinguish between votes cast by ballot and those cast on a voting machine, and therefore we believe that the desire of the Legislature was to provide recount machinery for all matters voted upon.

The recount of votes on liquor referenda was involved in two recent Superior Court cases and no question of validity presented itself: *Fishingcreek Twp. Election Case,* supra (144 Pa. Superior Ct. 277), and *Wilson Liquor License Case,* 157 Pa. Superior Ct. 55 (1945), 41 A. 2d 445.

Order affirmed.