Commonwealth *v.* City of Philadelphia.

Argued April 5, 1972, before President Judge Bow-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER, ROGERS and BLATT.

*Louis W. Fryman,* with him *Herman A. Becker,* for appellant.

*Howard D. Scher,* Assistant City Solicitor, with him *James M. Penny, Jr.,* Assistant City Solicitor, *John Mattioni,* Deputy City Solicitor, and *Martin Weinberg,* City Solicitor, for appellee.

OPINION BY JUDGE ROGERS, May 16, 1972:

The Commonwealth here appeals from a final judgment entered against it in the Court of Common Pleas of Philadelphia County in a suit in assumpsit. The Commonwealth sued the City of Philadelphia for care and maintenance of an insane person committed by the former Quarter Sessions Court to a state hospital for the criminally insane.

The complaint alleges that the subject person was a prisoner, that he was committed by order of the court, the dates of confinement, the expense of care and maintenance and cites the Act of March 31, 1860, P. L. 427, as amended, 19 P.S. §1351 *et seq.,* as imposing liability upon the City. Attached to the complaint is a freshly certified copy of the order of commitment, which is as follows:

"ORDER FOR COMMITMENT

| Commonwealth | : | Philadelphia County |
| vs. | : | February Term, 1932 |
| Paul Enck | : | No. 31 |

"And now, to wit, this 10th day of February 1932, the within report having been presented to me, the same is hereby approved.

S/  Kun
J.

### Order of Commitment

"And now, to wit, this 10th day of February 1932, upon consideration of the within report of the Commissioners the Court finds that Paul Enck, the above-named prisoner, is insane and that he is of criminal tendency. Accordingly the Court directs that the said Paul Enck be committed to the Farview Hospital for Criminal Insane Hospital [sic] to be there detained and treated as an insane patient at the expense of the County of Philadelphia until the further order of the Court; and this shall be sufficient warrant for said commitment. And it is further ordered that the said County pay the costs of this proceeding including the expense of removing the prisoner to the said Hospital and all maintenance charges.

By the Court  
S/ Kun  
J."

The City filed an answer denying the substantive allegations of the complaint, pleading that it is without knowledge or information sufficient to form a belief as to their truth. By New Matter the City pleads the defenses of the statute of limitations, laches, that the court was without jurisdiction to enter the order of commitment and that the order was improper. The Commonwealth moved for judgment on the pleadings. The Court, after argument, entered judgment for the City.

The judgment entered was based solely on the Act of 1860, P. L. 427, cited by the Commonwealth. Because this Act provides for commitment at County expense only of persons tried, acquitted and found by a jury to be insane and because the order in this case was founded on the report of a lunacy commission, the Court below reasonably concluded that judgment might

not be entered in favor of the Commonwealth. It entered judgment for the City because it believed that the Commonwealth could not prevail accepting as true all of the averments of its complaint.

The parties have here stipulated that the Commonwealth incorrectly cited the Act of 1860, P. L. 427, and have asked us to review the matter in the light of a different statute, the Act of July 11, 1923, P. L. 998 (since repealed and supplanted), 50 P.S. §1 et seq. 1931 Edition. We will not pass on this issue because it was not raised or considered below. More fundamental, however, is the question of whether the City may in this suit attack the propriety of the commitment order. In the absence of fraud or collusion, a decree of a court of competent jurisdiction valid and regular on its face may not be attacked collaterally in respect of its validity or binding effect where the court had jurisdiction of the subject matter and the parties. Among a myriad of cases, are *Finnel v. Brew*, 81 Pa. 362 (1876) and *Edwards v. Prutzman*, 108 Pa. Superior Ct. 184, 165 A. 255 (1933), somewhat similar factually to the instant suit. Here, as stated in *Edwards v. Prutzman*, 108 Pa. Superior Ct. at 187, 165 A. at 255, ". . . we are not concerned as to whether the court arrived at a proper conclusion. It had jurisdiction of the subject matter, and there being no appeal what we may call the final decision cannot be impeached collaterally."

The parties have expended some effort in briefing the applicability of the defense of laches in a suit brought by the Commonwealth. We point out that laches is an equitable doctrine and not assertable in an action at law. *Transbel Investment Co., Inc. v. Scott*, 344 Pa. 544, 26 A. 2d 205 (1942).

The judgment is vacated and the record remanded for such action by the parties as may be necessary to bring the case to issue and decision upon the remaining questions of law and fact.