## In Re: Election in Borough of West Chester

*Jeffrey P. Lewis, A. Alfred Delduco,* for petitioners.
*Patrick C. O'Donnell,* for respondent.

MARRONE, *P.J.,* June 26, 1981—This matter comes before the court by way of a petition for re-

count filed pursuant to the Act of June 3, 1937, P.L. 1333 §1701 and §1702, 25 P.S. §3261 and §3262.

Petitioners aver that they are three qualified voters of Election District 6-3 of the Borough of West Chester, Chester County. They ask that the court order a recount of the votes cast in that precinct for the Office of District Justice of the Borough of West Chester on May 19, 1981. Specifically, the petition asks that the "ballot boxes be opened and all ballots contained therein recounted" and further that the votes cast by way of voting machines within the district should be recanvassed. In addition, it is requested that all absentee ballots be examined and recounted.

Because of the nature of the relief requested and because there is no specific authority in the Election Code authorizing the recounting of absentee ballots, the court heard arguments on that issue from petitioners' counsel as well as counsel for the apparent winner of the election.

While the petition seeks relief under both Section 1701 (dealing with ballot boxes) and Section 1702 (dealing with machine voting) petitioners have admitted that insofar as a recanvassing of the machine votes in the district, the petition was not timely filed. Counsel have submitted to the court briefs in support of their respective positions and the only question before us is whether to enter an order granting the petition for a recount of the absentee ballots.

Our courts in cases involving recounts of ballots cast at elections, have usually taken the position described by the late Justice Curtis Bok in the Rome Township Referendum Recount Case, 397 Pa. 331, 155 A.2d 361 (1959). In discussing the Election Code, the court there held it to be a highly remedial statute which should be liberally construed in order to secure proper computation of the votes cast at an

election. See Hazleton City Mayoralty Election, 301 Pa. 14, 151 A. 586 (1930). As further stated by Justice Bok in Rome Township (supra) "certainly the policy of the law should be in favor of machinery that insures good arithmetic in counting ballots". . . .

It has been said that Section 1701 of the Election Code was drafted to ascertain whether fraud or substantial error has occurred in the computation of the votes or marking of the ballots in a particular precinct. While technically the section applies only to opening of ballot boxes, and the argument is made here that absentee ballots are not placed in the "ballot boxes" this court is in agreement with the Lackawanna County Court in In Re: Canvass of Absentee Ballots Election of November 2, 1971, 73 Lack. Juris. 10 (1972), wherein the court, faced with the same issue by way of a petition under Section 1701 stated as follows:

"We agree that the absentee ballot amendment on its passage became part of the Election Code and since absentee ballots are paper ballots this section (§1701) would apply in a proper case for recount purposes."

This court adopts the reasoning of the court in the aforementioned case, recognizing that the Lackawanna case is not binding precedent. However, our review of the area involving recounts of ballots convinces us that the Election Code should be liberally construed so as not to deprive an individual of his right to run for office or the voters of their right to elect a candidate of their choice. See Duggan v. Williams, 113 P.L.J. 514 (1966).

It appearing that the petition as it pertains to Section 1701 was timely filed, this court will order a recount of the absentee ballots cast at the May 19, 1981 Primary Election in District 6-3 of the Bor-

ough of West Chester for the Office of District Justice of the Borough of West Chester, i.e. Magisterial District No. 15-1-01.