**Gable v. Kopp**

*Patricia A. Butler,* for plaintiff.
*Harry M. Ness,* for defendant.

BUCKINGHAM, *J.*, October 13, 1981—This matter is before the court on defendant's motion for judgment on the pleadings.

On May 8, 1980 suit was commenced in trespass against defendant before District Magistrate Lois Mundorf for damages allegedly resulting from a motor vehicle accident that occurred on May 27, 1978. The magistrate was unable to effect service on defendant at the address listed in the police report of the investigating officer.

On May 23, 1980 plaintiff filed a praecipe for a writ of summons on the same cause of action in the court of common pleas. On May 29, 1980, the sheriff's office filed a return indicating defendant could not be found in York County. The writ of summons was reissued on June 9, 1980 and defendant was served on June 12, 1980.

On March 19, 1981 plaintiff reinstated the complaint before the magistrate. A hearing was scheduled for April 21, 1981, at which plaintiff failed to appear. The magistrate entered judgment for defendant and dismissed the case without prejudice. This disposition contained a notice that any appeal must be filed within 30 days.

On April 30, 1981 plaintiff filed a complaint in the action commenced in the court of common pleas. Defendant filed an answer and new matter. After plaintiff filed preliminary objections, defendant filed an amended answer. Plaintiff filed a reply to new matter.

Defendant's first ground for the motion is that the magistrate's decision is res judicata and that plaintiff's action is barred by the statute of limitations and the doctrine of laches.

The standard for ruling on a motion for judgment on the pleadings is the same as that for a demurrer.

The question is whether, "on the facts averred, the law says with certainty that no recovery is possible." Medicus v. Upper Merion Township, 108 Montg. 112, 115 (1980).

The magistrate's decision was inappropriate under Pa.R.C.P.J.P. 319A which provides: "If a plaintiff who has been given notice of the defendant's intention to defend does not appear at the hearing, but the defendant does appear, the justice of the peace *shall enter judgment for the defendant* or continue the case for cause." (Emphasis supplied.)

Assuming defendant appeared the magistrate should have entered judgment for defendant, instead of dismissing the complaint. The note to this rule provides: "The first sentence of subdivision A of this rule provides for a judgment for the defendant rather than merely a dismissal of the plaintiff's complaint. This provision is intended to prevent the plaintiff from bringing the action again before a justice of the peace, although he can appeal."

Admittedly, if plaintiff had brought suit only in the justice of the peace court, that court would have had sole jurisdiction and plaintiff, having failed to appeal from the judgment of the magistrate, could not have thereafter proceeded in the common pleas court.

Defendant relies primarily on Hewitt v. Shaffer, 61 D & C. 2d 772 (1972). There the court sustained preliminary objections to plaintiff's complaint, where plaintiff lost in the magistrate's court and appealed by filing a complaint in the common pleas court but failed to follow the correct procedures in taking the appeal from the magistrate.

Hewitt is inapposite on its facts. Here, plaintiff initiated simultaneously a procedure through the

common pleas court and in the magistrate's court. While it is true, plaintiff, in effect, dropped the magistrate's proceedings by failing to appear at the hearing, we cannot accept defendant's proposition that plaintiff thereby lost his simultaneously initiated common pleas rights.

The case is one of first impression. As we have indicated, it is quite clear, that if plaintiff had not started the common pleas procedure simultaneously with the magistrate procedure, plaintiff would be out of court for failing to take an appeal from the magistrate's decision. However, plaintiff here protected himself by seeking both remedies at the same time. We know of no law or reason which would prevent him from doing this.

Defendant also seeks judgment on the pleadings on the bases that the two year statute of limitations has run and plaintiff is barred by laches. Neither ground has merit. There is no showing that plaintiff stalled the service of the writ of summons when it was given to the sheriff to serve and laches is an equitable doctrine, not applicable in a suit at law: Com. v. City of Philadelphia, 5 Pa. Commonwealth Ct. 358, 290 A. 2d 734 (1972).

In view of what we have said we shall enter an order dismissing defendant's motion for judgment on the pleadings.

## ORDER

And now, October 13, 1981, defendant's motion for judgment on the pleadings is overruled and dismissed.

An exception is granted to defendant.