## Greenwood Township Election Case.
## Bloomsburg Election Case.

Argued January 29, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Robert T. McCracken,* with him *E. Eugene Eves* and *George G. Chandler,* for appellant.

*Harold Watkins,* of *Hicks & Watkins,* with him *O. A. Wisansky* and *C. W. Kreisher,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, March 23, 1942:
These appeals are from orders entered by the court below in recount proceedings instituted by petitions filed as authorized by Article XVII, section 1701, of the Election Code of 1937, P. L. 1333.

At the election held November 4, 1941, C. William Kreisher was the Republican candidate and Hervey B.

Smith was the Democratic candidate for the office of judge of the court of common pleas for the twenty-sixth judicial district, comprising Columbia and Montour counties. The official returns, completed on November 17, 1941, disclosed that Kreisher had received a total of 11,013 votes and Smith a total of 10,993 votes, or a majority of 20 votes for Kreisher. Petitions were thereupon filed on behalf of Smith, the defeated candidate, on November 21, 1941, to open the ballot boxes and recanvass the votes in sixteen election districts of Columbia county, including Bloomsburg, Fifth Ward, and Greenwood Township, East. According to the official returns, the vote in Bloomsburg, Fifth Ward, was 197 votes for Kreisher and 313 for Smith, and in Greenwood Township, East, there were 117 votes for Kreisher as compared with 149 for Smith. By orders of court, entered the same day the petitions were filed, the ballot boxes were impounded and opened, and a recanvass of the votes was commenced on November 28, 1941.

Upon the opening of the ballot box for Greenwood Township, East, the last of the sixteen districts to be counted, C. William Kreisher suggested to the court that the condition of the box and the markings on some of the ballots indicated fraudulent tampering, and asked for the privilege of calling handwriting experts before tabulating the count. A preliminary tabulation of the ballots contained in the box disclosed 100 votes for Kreisher and 164 votes for Smith, or a net loss to Kreisher of thirty-two votes. After hearing, at which the court heard testimony by handwriting experts, called by each side, it was found that seventeen straight Republican ballots had been fraudulently altered, between the time of tabulation by the election officers and the recount, by placing of a cross mark opposite the name of Smith in the judgeship square, and that a split ballot, which had been voted for Kreisher, had been similarly altered by the insertion of a cross mark after Smith's name also, rendering it a doubly marked ballot. The court, accordingly, directed

that these ballots be counted for Kreisher, and certified the recount, on December 11, 1941, to be Kreisher 118 votes and Smith 147 votes, resulting in a loss of two votes for Smith, as compared with the official returns for the district, and a gain of one vote for Kreisher. With this certification, the total number of votes for each of the candidates, in all districts, was the same, causing an election tie.

On December 16, 1941, the court entered orders, of its own motion, revoking the certificates filed by it in the fifteen districts other than Greenwood Township, East, including Bloomsburg, Fifth Ward, in order that the ballot boxes might be examined for fraudulent tampering similar to that found in Greenwood Township, East. At the first recount of the votes in Bloomsburg, Fifth Ward, it was determined that Kreisher had received 184 votes as against 308 for Smith, and the court so certified on December 4, 1941. Certain ballots had been ruled invalid by the court and discarded, including ten ballots which had a cross mark in the judgeship square opposite Smith's name but bore erasures in the office block opposite Kreisher's name. Upon re-examination of the votes for that district by the court, aided by its own handwriting expert, it was found that the erasures opposite Kreisher's name, on the ten ballots previously discarded, had been fraudulently made and the cross marks inserted after the name of Smith by some person other than the voter, after the election officials had made their count, as in the case of the fraudulent alterations in Greenwood Township, East, and prior to the recount proceedings. The court directed that the ten ballots be included in the votes counted for Kreisher, and certified the returns for the district, finally, on January 2, 1942, as being 196 votes for Kreisher and 310 votes for Smith. In another of the fifteen districts, apparently Roaringcreek Township, the court, on its second recount, reversed its ruling on a ballot which had originally been rejected, for reasons which do not appear in the record

354

before us, and directed that such ballot be counted for Kreisher. With the results of these two districts thus changed, Kreisher won the election by a majority of eleven votes.

On these appeals, taken by Hervey B. Smith, the defeated candidate, from the orders entered by the court in the proceedings relating to the Greenwood Township, East, and Bloomsburg, Fifth Ward, Districts, only the orders themselves are assigned as error. Hence, the findings of the court as to fraudulent erasures and alterations, which findings are based not alone upon the testimony of the handwriting experts, but as well upon evidence indicating a probability of improper access to the boxes in question after the election officials had completed their computations, the physical condition of the boxes when produced, the testimony of the election officials, and the court's own inspection of the ballots, must be taken as admittedly correct. See *Haverford Township Election*, 282 Pa. 504, 510; *Hazleton City Election*, 301 Pa. 14, 16. Conceding this, and admitting the fraud, appellant contends that the court lacked the authority, in recount proceedings, to count the fraudulently altered ballots found in the Greenwood Township, East, District, for either party, but should have rejected them entirely, as for invalidity, and that the ballots with erasures, contained in the box for the Bloomsburg, Fifth Ward, District, should likewise have been disregarded, irrespective of whether the erasures were fraudulent or not, in view of the provision in Article XII, section 1223, of the Election Code, that "Any erasure or mutilation in the vote in any office block shall render void the vote for any candidate in said block." Appellant also contends that the court exceeded its jurisdiction and powers in revoking its prior order in the Bloomsburg, Fifth Ward, District, and in ordering a second recount of the ballots for that district, after a recount thereof had once been made and the recount certified. As to the final order entered by the court, in the proceedings relating to Roar-

ingcreek Township, after the second recount, no appeal has been taken.

Appellant's contention that the eighteen ballots in Greenwood Township, East, found by the court to have been fraudulently altered in favor of Smith, should have been discarded entirely, in the recount proceedings, and that it was error to direct that such ballots be counted for the appellee, is wholly untenable. The present case is not one involving a discrepancy between the ballots and the official returns due to fraud or error on the part of the election officials in their tabulations and returns, but rather a case of discrepancy resulting from fraudulent tampering with the ballot boxes and their contents, since the official canvass of the votes, and this becomes a matter of controlling importance, considering the nature and object of recount proceedings. Under such circumstances, the court was fully justified in directing that the fraudulently altered ballots be counted for the appellee, Kreisher, the candidate for whom the evidence shows they must necessarily have been counted by the election officials, and would have committed grievous error if it had done otherwise. In view of the evidence and findings establishing that the ballots had been fraudulently tampered with, the court, in the exercise of judicial discretion, might well have accepted the official returns for the district as conclusive, in the recount proceedings, and refused to make any count of the ballots at all. As was said in *Armstrong's Appeal,* 293 Pa. 1, 5, involving a recount proceeding under the Act of April 23, 1927, P. L. 360, now repealed, which contained provisions substantially identical with those of section 1701 of the Act of 1937: "If the court is satisfied the ballots in the box are not those which were cast by the electors, or that the marks thereon have been changed, so that, in either event, the vote actually cast cannot be ascertained from an examination of the contents of the box, it not only might but should unhesitatingly refuse 'to accept the contents as verity,' should treat the return made by the election officers as

correct, and leave the parties to an election contest for the purpose of having their respective rights determined. Under the statute, the ballots, which are to be recounted, are those which were actually cast by the voters, and which should have been properly counted, computed and returned by the election officers." See also *Haverford Township Election,* supra, 509; *Luzerne County Election Returns,* 301 Pa. 247, 260. Appellant had twenty days after the election within which to institute contest proceedings, but failed to do so, and if he has lost an opportunity to contest the election, by lapse of the statutory period prior to completion of the recount proceedings, the court is without power to aid him: *Armstrong's Appeal,* supra, 6. As was pointed out in *Hazleton City Election,* supra, 18, in a similar situation, such hardship as this may involve "results from the introduction of a new system without taking into account the way in which it may affect the old and is a matter solely for legislative consideration."

A similar conclusion must be reached with respect to the ten ballots containing fraudulent erasures, found in the box for Bloomsburg, Fifth Ward. The argument of appellant that these ballots should have been thrown out, as being within the purview of Article XII, section 1223 of the Act of 1937, relating to defective ballots, amounts, in effect, to a contention that the court was required to accept such ballots as verity, and cannot be sustained. As the cases already referred to show, the rule that, as between the ballots and the official canvass of them, the ballots control, has no application where the ballots have been tampered with. Nor do we agree with the contention that the court lacked the power to order a second recount of the votes for this district, or any of the districts in dispute, after a recount had once been made. If the court, charged with the duty to "cause the entire vote . . . to be correctly counted", is convinced that a mistake has been made before it in the count of the votes, we see no reason why the general rule that all decrees, how-

ever final and conclusive, are under the plenary control of the court which pronounces them, at least during the term at which they are rendered or entered of record, should not apply, subject, of course, to the limitation contained in section 1701, subsection (f), of the Election Code, providing as follows: "Ballot boxes may be opened under the provisions of this section at any time within four months after the date of the general, municipal, special or primary election at which the ballots therein shall have been cast." See *Lance v. Bonnell,* 105 Pa. 46, 47; *Dellacasse v. Floyd,* 332 Pa. 218, 222. The statutory provisions for recount proceedings are highly remedial, and are to be liberally construed and administered, in aid of the right of suffrage and the purity of popular elections: *Dunmore Borough Election,* 299 Pa. 517, 523; *Hazleton City Election,* supra, 19.

No authority is cited in *Armstrong's Appeal,* supra, for the proposition that it was too late to raise the question of fraudulent tampering, by petition filed after the box had been opened and the votes recounted, and the case should be regarded as in effect overruled, so far as this point is concerned, by the more recent decision in *Dunmore Borough Election,* supra, where a similar petition was considered and disposed of on the merits without comment. See also *Foy's Case,* 224 Pa. 358. Assuming, however, that the ten ballots now in question should, properly, have been discarded and not counted for the appellee, as appellant contends, this would not sufficiently alter the returns for all the districts to defeat appellee's election. No appeal having been taken from the order entered after the second recount of the votes for Roaringcreek Township, we would have no authority to change or correct the results for that district, as finally certified by the court. See *Luzerne County Election Returns,* supra, 260, 261. Hence appellee would, nevertheless, be entitled to a certificate of election, as the successful candidate, by a majority of one vote.

The assignments of error are overruled and the orders of the court below are affirmed at appellant's cost.