69 N.J. Super. 239 (1961)
174 A.2d 232
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WALTER S. NERWINSKI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 25, 1961.
Decided October 5, 1961.
*240 Before Judges PRICE, SULLIVAN and LEONARD.
Mr. Peter Murray, Assistant Prosecutor, argued the cause for respondent (Mr. Brendan T. Byrne, County Prosecutor of Essex County, attorney; Mr. Maurice J. McKeown, Assistant Prosecutor, of counsel on the brief).
Mr. Howard G. Wachenfeld argued the cause for appellant.
The opinion of the court was delivered by SULLIVAN, J.A.D.
Defendant was convicted of carrying a rifle concealed on or about his person, contrary to the provisions of N.J.S. 2A:151-41.
At defendant's trial, which was by jury, the State produced proof that defendant was apprehended on Halsey Street, Newark, while carrying a loaded rifle under the topcoat which he was wearing. Defendant, testifying in his own behalf, admitted carrying the rifle, but denied that it was under his coat and, on the contrary, claimed that it was in clear and open view. The jury returned a verdict of "Guilty as Charged."
Defendant's explanation of the circumstances surrounding his carrying of the rifle is not material to the present appeal which is limited to defendant's contention that the weapon he was carrying at the time of his arrest is not encompassed by the concealed weapons statute N.J.S. 2A:151-41.
It has been stipulated for the purpose of this appeal that the rifle carried by defendant at the time of his arrest was a .22 caliber rifle 40 inches in length.
*241 In order to understand defendant's legal argument it is necessary to set forth the pertinent provisions of Title 2A, chapter 151, section 41, which defendant was convicted of violating, and also the definition of "pistol" and "revolver" as set forth in section 1 of the same title and chapter.

"2A:151-41. Carrying concealed weapons; penalty; license to carry pistol or revolver
Except as hereinafter provided, any person who carries * * * concealed on or about his clothes or person, or otherwise concealed in his possession:
a. A pistol, revolver or other firearm without first having obtained a permit to carry the same in accordance with the provisions of this chapter; * * *

* * * * * * * *
Is guilty of a misdemeanor."

"2A:151-1. `Pistol' and `revolver' defined
The words `pistol' or `revolver' as used in this chapter include a shotgun, rifle or other firearm with over-all length less than 26 inches."
It is defendant's contention that the phrase "or other firearm" used in section 41, since it follows the words "pistol" and "revolver," should be given a restricted meaning limited to firearms similar in nature to those particularly enumerated. Since "pistol" and "revolver" are defined in section 1 to include a rifle or other firearm with over-all length less than 26 inches, defendant argues that the mandate in section 41 against carrying a firearm only applies to a firearm less than 26 inches in over-all length.
Defendant's argument is without merit. The rifle he was carrying was unquestionably a firearm. It would be unrealistic to hold that the Legislature, in enacting and revising the statutory provisions dealing with the carrying of concealed weapons, intended to prohibit only the carrying "concealed" of a firearm less than 26 inches in over-all length and to permit a person, as here, to carry a loaded rifle concealed under his topcoat. The sense of the statute is manifest. It clearly inhibits the carrying "Concealed" of any firearm. Defendant's conviction is affirmed.