## Fitch Appeal (No. 1).

Argued October 3, 1961. Before. BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN and ALPERN, JJ.

*Paul A. Simmons,* with him. *Tempest and Simmons,*
for appellant.

*Stephen I. Richman,* with him *Barron P. McCune,*
and *McCune & Greenlee,* for appellee.

OPINION BY MR. JUSTICE EAGEN, October 10, 1961:
This is an appeal from an order of the Court of
Common Pleas of Washington County in a proceeding
arising out of the primary election of May 16, 1961.

The record presents a maze of confusion almost be-
yond human comprehension. This is no reflection up-
on the court below but is due entirely to the procedure
followed by legal representatives of the party litigants
who, in their zeal to protect their clients' interests, filed
pleading upon pleading in an effort to have their client
legally declared the winner of the contested nomina-
tion.

Separating the wheat from the chaff, a study of the
proceedings designated to No. 580 May Term, 1961, in

the court of common pleas of said county as well as those of the closely related proceedings designated to No. 261 May Term, 1961, discloses the following basic facts: At the primary election involved, Grace H. Fitch, the appellant, and Mary Lustik, the appellee, were candidates, among others, for the Democratic nomination for the office of tax collector of Somerset Township in Washington County. The first computation of the election returns indicated that Grace H. Fitch had received a total of 110 votes and Mary Lustik 109 votes for said office. Upon petition duly filed the court ordered the ballot box used in the election impounded, and appointed a return count board to open the box and to correctly count the entire vote cast for the office involved. In the recount, Mary Lustik gained one additional vote so that the total vote cast for each candidate was then determined to be 110 votes. The court directed that in accordance with the report of the recount board, the county board of elections correct the election returns to show a tie vote total of 110 votes cast for candidates Fitch and Lustik.

In the recount referred to above, the return count board limited its consideration and count to the ballots within the election ballot box. It did not count or consider an absentee ballot which contained a vote for Mary Lustik nor did it consider or count six additional ballots which were not in the ballot box but which were wrapped in the package returned by the township election board officials containing the stubs and unused ballots.

Subsequently, on appeal from an order of the county board of elections, the court of common pleas decided that the board erred in not counting the absentee ballot giving a vote to the candidate Lustik. Further, it concluded that the board correctly excluded from its tabulation the six ballots which were not within the ballot box itself. The effect of the court's decision and order

was to declare the candidate, Lustik, the winner of the nomination by one vote.

In this appeal, appellant, Fitch, questions the legal correctness of the lower court's action in approving the action of the recount board in failing to count and include in its computation the votes evidenced by the six ballots described.

In a separate appeal the appellant also questions the correctness of the lower court's action in declaring the absentee ballot involved to be valid and directing its inclusion in the vote computation. This appeal is disposed of in the separate opinion filed herewith: (*Fitch Appeal (No. 2)*, 405 Pa. 174, 174 A. 2d 25).

The six ballots in dispute in this appeal should have been counted and included in the computation in the recount proceedings. See *McCaffreys' Appeals*, 337 Pa. 552, 11 A. 2d 893 (1940). Therein, the ballots in dispute were also not found inside the ballot box when it was opened by the Return Recount Board but were found, as in this case, in a separate package with the unused ballots and stubs of the used ballots where they were placed by the local election board following its count. There, as here, there was nothing indicating fraud or tampering with the ballots involved. Nor are any other facts present in the record before us to indicate that any or all of the ballots involved were void or defective for any legal reason. Apparently, the action of the local election board in failing to count these ballots was an honest mistake.

But, argues the appellee, this error is not within the scope of our appellate review. This is not correct. The present appeal emanates from the recount proceedings which produced the order with which we are concerned. The recount proceedings were under Section 1701 of the Election Code. The distinction between an appeal from a decision of a county board under Section 1407 and a recount proceeding under Section 1701 of the

Election Code is clarified in *Cullen Appeal,* 392 Pa. 602, 141 A. 2d 389 (1958). Therein it was stated that in a recount proceeding under Section 1701, the lower court is charged with the duty to discover any fraud or error in the computation or canvassing of the returns and that it is the court's duty to " 'correct, compute and certify the votes of such election district justly, regardless of any fraudulent or erroneous returns made by the election officers thereof.' " The failure of the recount board to include in its tabulation the votes cast by the six ballots was such error in the computation that the court should have corrected. Further, it was apparent on the face of the election records. An appeal from an order of the court of common pleas in a recount proceeding is before us " 'in the broadest sense allowed on certiorari' " : *Cullen Appeal,* supra, page 607. As pointed out in *Kaufman Construction Co. v. Holcomb,* 357 Pa. 514, 519, 55 A. 2d 534 (1947), "where the statute is silent on the question of appeal . . . a review by certiorari may be had 'in the broadest sense' and the court may consider the record, including the testimony, to determine whether the findings are supported by competent evidence and to correct any conclusions of law erroneously made." Section 1701 of the Election Code and co-related sections contain no prohibition of appeal from a common pleas order in a relevant connection.

Finally, we conclude the appeal in this case was timely. The vote certification as originally directed by the court resulted in a tie vote for the candidates. Not until the court below entered its final order, declaring the candidate Lustik the winner, was the issue ripe for appeal. See *O'Hara Township Election Case,* 370 Pa. 250, 87 A. 2d 788 (1952).

The order of the lower court is reversed and it is directed that further action ensue consonant with this opinion. Each party to pay own costs.