Fitch Appeal (No. 2).

Argued October 3, 1961. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and ALPERN, JJ.

*Paul A. Simmons,* with him *Tempest & Simmons,* for appellant.

*Stephen I. Richman,* with him *Barron P. McCune,* and *McCune & Greenlee,* for appellee.

OPINION BY MR. JUSTICE EAGEN, October 10, 1961:
This appeal is from an order of the court below in a proceeding emanating from the primary election held

in Somerset Township, Washington County, Pennsylvania, on May 16, 1961.

Herein, the appellant questions the legal correctness of the lower court's decision involving the validity and tabulation of an absentee ballot casting a vote for the appellee in the contest for the Democratic nomination for the office of tax collector of the township. The material facts incident to this issue are recited in an opinion in a companion case filed herewith (*Fitch Appeal (No. 1)*, 405 Pa. 169, 174 A. 2d 23[2]) and need no repetition.

The requested review herein concerns an order of the common pleas court in an appeal from a decision of the county election board under Section 1407 of the Election Code. This section expressly states that "No appeal shall be allowed . . . from any order or decree of the court of common pleas made in pursuance of this section." An examination of this section and interrelated sections of the Code clearly indicates that orders and decisions of the court of common pleas in this type of proceeding shall be deemed final and conclusive.

Hence, the appeal comes before us on narrow certiorari and the inquiry is limited to a question of jurisdiction; the regularity of the proceedings; whether or not the lower court exceeded its power and authority and whether or not there was a violation of constitutional rights: *DeVito v. Civil Service Commission,* 404 Pa. 354, 172 A. 2d 161; *Dauphin Deposit Trust Company v. Myers,* 388 Pa. 444, 460, 130 A. 2d 686; *Chase Appeal,* 389 Pa. 538, 133 A. 2d 824 (1957), and *Cullen Appeal,* 392 Pa. 602, 141 A. 2d 389 (1958). We cannot on this appeal consider the validity of individual votes: *Focht's Appeal,* 275 Pa. 449, 119 A. 494 (1923).

The record discloses no jurisdictional defects or irregularity in the proceedings. That the lower court's adjudication was judicial action is beyond doubt. There was no violation of constitutional rights.

Order affirmed. Costs to be paid by appellant.

---

CONCURRING OPINION BY MR. JUSTICE MUSMANNO:

I concur in the result announced by the majority of the Court. However, I desire to make this observation. Since elections go to the very heart of our system of democracy, I would not limit the scope of review of this Court in election contests, no matter what might be the nature of the controversy involved.