Lacey Appeal.

Argued October 3, 1961.   Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and ALPERN, JJ.

reargument refused October 31, 1961.

*Robert J. Gillespie,* with him *Wilfrid L. Jones,* for appellant.

*Henry Thalenfeld,* with him *Neville B. Shea,* for appellee.

OPINION BY MR. JUSTICE EAGEN, October 10, 1961:

Matthew J. Lacey, the appellant, was a candidate for the Democratic nomination for the office of councilman of Nanticoke City, Luzerne County, Pennsylvania, in the recent May 16, 1961, primary election.

A dispute arose as to the validity of a ballot cast in the election. In an appeal to the court of common pleas from the decision of the county board of elections a decision and order adverse to the appellant was entered by the court. This appeal followed.

The scope of our review is very narrow. Since the section of the Election Code under which these proceedings arose specifically provides that no appeal shall be allowed from the order of the common pleas court our appellate inquiry is limited to the question of jurisdiction; the regularity of the proceedings; an abuse of power by the Court and a violation of constitutional rights. See *DeVito v. Civil Service Commission,* 404 Pa. 354, 172 A. 2d 161; *Dauphin Deposit Trust Company v. Myers,* 388 Pa. 444, 460, 130 A. 2d 686; *Cullen Appeal,* 392 Pa. 602, 141 A. 2d 389 (1958); *Chase Appeal,* 389 Pa. 538, 133 A. 2d 824 (1957) and *Flood Appeal,* 372 Pa. 486, 94 A. 2d 565 (1953). It is not for us to inquire into the merits of the validity of the contested ballot.

Lack of jurisdiction or irregularity in the proceedings is not asserted in this appeal nor does such appear in our examination of the record. The court did not abuse its power and no constitutional rights were violated.

Order affirmed. Each party to pay own costs.

———

Concurring Opinion by Mr. Justice Musmanno:

I concur in the result announced by the majority of the Court. However, I desire to make this observation. Since elections go to the very heart of our system of democracy, I would not limit the scope of review of this Court in election contests, no matter what might be the nature of the controversy involved.