## Passante Appeal.
## Buckley Appeal.

Argued March 16, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

306

·*Frank C. Roney*, with him *Rodgers and Roney*, for appellant, Jack Passante.

*Arthur M. Wilson*, with him *Patrick C. Derrico*, and *Greenlee, Richman, Derrico & Posa*, for appellant, Francis J. Buckley, Jr.

OPINION BY MR. JUSTICE EAGEN, April 20, 1972:

At the general election of November 2, 1971, Edward J. Norwood, Jr., and Francis J. Buckley, Jr., were the nominees of the Democratic Party, and Rose Churray and Jack Passante were the nominees of the Republican Party for the office of councilman of the Second Ward in the Borough of Canonsburg, Washington County, with two to be elected. Candidate Norwood was elected decisively, but an extremely close contest developed between Buckley and Passante for the second seat. This litigation resulted.

There are three voting precincts in the Second Ward of Canonsburg Borough and paper ballots were used in all in the 1971 election.

Alleging error was committed in the computation of the votes cast in the Second Precinct, three electors acting in Buckley's interest filed a timely petition in the Court of Common Pleas requesting a recount of the ballots cast in this precinct. Three electors acting in Passante's interest filed a similar petition seeking a recount of the ballots cast in the Third Precinct. The court granted both petitions and appointed two separate boards, each consisting of three individuals, to recount the ballots in each of the precincts in which the correctness of the computation of the vote was challenged, and directed that notice of the time and place be given to all parties concerned.

The recounts directed by the court duly followed with Buckley, Passante and their respective counsel present. Subsequently, the reports of the two court-appointed recount boards were filed with the court, which then directed that the election returns for the two precincts involved be recorded in accordance with the computations made by the recount boards.

Buckley filed exceptions to the recount board's computation of the vote in the Third Precinct. Passante filed exceptions to the recount board's computation of the vote in the Second Precinct. All of these exceptions dealt with the validity of certain ballots to which challenges had been entered. Passante also requested the court to order a second recount of the ballots cast in the Second Precinct alleging the recount board for this precinct had inadvertently failed to count certain ballots cast in his favor due to confusion created during the recount proceedings by delaying and distracting actions on the part of one of its clerks. The recount board filed an answer to this request by Passante categorically denying that all of the votes were not counted and detailing the work and effort performed by the board to assure a correct computation of the vote. After argument before a court en banc, the court denied the request for a second recount of the vote in the Second Precinct and ruled on the exceptions filed by both candidates. Petitions for reargument were denied and both Buckley and Passante then filed appeals in this Court. Since the appeals are from orders entered by the court below in recount proceedings initiated by petitions filed, as authorized by Article XVII, §1701 of the Election Code of 1937, Act of 1937, June 3, P. L. 1333, 25 P.S. §3261, our scope of review is broad in nature. See *McKelvey Appeal*, 444 Pa. 392, 281 A. 2d 642 (1971), and *Cullen Appeal*, 392 Pa. 602, 141 A. 2d 389 (1958).

PASSANTE APPEAL

Passante initially maintains that the court below erred in summarily denying his request for a second recount of the ballots in the Second Precinct.

Section 1701, subsection (f) of the Act of 1937, supra, 25 P.S. §3261(f) provides: "Ballot boxes may be opened under the provisions of this section at any time within four months after the date of the general, municipal, special or primary election at which the ballots therein shall have been cast." In *Greenwood Township Election Case,* 344 Pa. 350, 25 A. 2d 330 (1942), we ruled that under this statutory provision a court of common pleas has the power to order a second recount of the votes cast in any election district (subject to the time limitation specified in subsection (f) of Section 1701) *if it is convinced a mistake has been made in the first recount of the votes.* This does not mean that a second recount is mandatory if some interested party alleges such a mistake, but rather that the court may order a second recount if it is convinced such a mistake occurred. Here the lower court was apparently satisfied that the computation made by the board in the first recount was correct and the record does not evidence any meritorious reason why this conclusion should not be affirmed.

Passante next and finally questions the correctness of the lower court's ruling on the validity of two ballots cast in the Second Precinct. In one instance, Passante's challenge to a ballot marked in favor of Buckley was overruled, and in the second instance Buckley's challenge to a ballot marked in favor of Passante was sustained.

The first ballot involved was properly marked in pencil with an X in the small box opposite Buckley's name, but adjacent to this box and partly within the

outerlines of the large square or box on the ballot containing the names of all of the councilmanic candidates appears a smudge which is barely visible to the naked eye. Passante argues this smudge is the result of an erasure which voids the vote for Buckley under Section (a) of the Election Code of 1937, supra, 25 P.S. 3063 (Supp. 1971) which provides in part that "[a]ny erasure or mutilation in the vote in any office block shall render void the vote for any candidates in said block, but shall not invalidate the votes cast on the remainder of the ballot, if otherwise properly marked." The lower court correctly overruled the challenge to this ballot if for no other reason that it is not reasonably certain the smudge was caused by an erasure.

As to the second ballot involved in this particular appeal, we agree the lower court erred in voiding this vote for Passante.

The ballot is properly marked in pencil as a vote for Passante and his running mate, Churray, but there also appears a single very light semicircular line made with ink in the box opposite Buckley's name. There are also some small scratch marks made with ink on the ballot above the candidates' names running for the councilmanic seats. Why the lower court voided this particular vote cast for Passante does not appear in the record, but Buckley argues the vote was properly voided for either of two reasons, i.e., the voter by placing the ink mark behind Buckley's name was attempting to vote for three candidates for council, or for more persons than there were to be voted for, and/or the voter marked his ballot with two separate writing instruments contrary to the provisions of Section 1223, as amended, of the 1937 Election Code, supra, 25 P.S. 3063 (Supp. 1971). This position is founded on a faulty premise, namely, that the voter placed the ink marks on the ballot. Everything indicates the contrary. The voter

who cast this ballot voted for a total of eleven candidates. In each instance, an X *marked in pencil* was properly placed in the box opposite the candidates' names. To conclude the voter then used an ink pen to make the extraneous marks is too speculative, especially since the marks themselves indicate they were made with an old fashioned ink writing pen, rather than with some modern writing instrument. This particular vote should be counted for Passante and the court below erred in ruling otherwise.[1]

### BUCKLEY'S APPEAL

This appeal is untimely and will be quashed.

The appeal was filed on January 21, 1972, from an order entered in the court below on December 15, 1971.[2] The petition for reargument absent an order staying the proceedings did not have the effect of tolling the time for filing an appeal. Cf. *Merrick Estate*, 432 Pa. 450, 247 A. 2d 786 (1968).

The record is remanded to the court below with directions to correct the election returns consonant with this opinion.

_____

[1] Whether the counting of this vote for Passante will change the result of the election in question cannot be ascertained either from the briefs or record filed in this Court.

[2] A time limit of thirty days has been established for appeals of this nature. See, Act of July 31, 1970, P. L. 673, Art. V, §502, 17 P.S. §211.502.