## In re Abbott Township Supervisors Election

*Thur W. Young*, for petitioner.

FINK, *P.J.*, December 27, 1979—Vernon J. Cizek, candidate for Supervisor of Abbott Township filed a petition to contest the election held on November 6, 1979. Petitioner was a candidate for a six-year term as was one Richard L. Menken. The final tally as submitted by the Township Board of Elections was as follows:

| | |
|---|---|
| Richard L. Menken | 79 |
| Vernon J. Cizek | 72 |

The ballot box was opened pursuant to a rule signed by this court on November 23, 1979. Said ballot box being opened in the courtroom on December 17, 1979 at 11:00 a.m. All parties were present.

The Potter County Canvassing and Computing Board conducted the recount of the votes contained in the opened ballot box. The results of that recount were stated in open court by a member of the board as follows:

| | |
|---|---|
| Richard L. Menken | 81 |
| Vernon J. Cizek | 71 |

Counsel thereafter on behalf of Vernon Cizek requested a court order directing the return of the $50 deposit made by Vernon Cizek to that candidate.

We now must determine whether or not under the law the $50 must be returned. The Act of June 3,

1937, P.L. 1333, 25 P.S. §3261(d), states that the board shall return the $50 deposit to petitioner if there was found that "fraud or substantial error" was committed in the original computation of the votes cast on the ballots contained in the box. Although fraud was alleged in the petition to open the box, there was no indication whatsoever of fraud.

The question, therefore, becomes whether or not there was substantial error committed by the local Board of Elections in counting the votes for Abbott Township Supervisor. The Supreme Court stated in Greenwood Township Election Case, 344 Pa. 350, 357, 25 A. 2d 330 (1942): "The statutory provisions for recount proceedings are highly remedial, and are to be liberally construed and administered, in aid of the right of suffrage and the purity of popular elections."

The Dauphin County Court, Opening of Ballot Box and Recount of Vote in Borough of Paxtang, 56 Dauph. 367 (1945), indicated that the term "substantial error" has never been judicially defined and must be determined by facts as developed in each district, and in the final analysis, left to the reasonable discretion of the court.

A Washington County Court has indicated that substantial error has no relation to the ultimate result, nor can it be determined by a fixed number of errors or by the proportion which the errors bear to the votes cast. Each case stands on its own facts: In re Eighty Recounts in Democratic Sheriff Primary, 45 Wash. Co. 218 (1965).

In the Washington County case cited above, a change of five votes constituted a substantial error. We disagree with the statement of many of our local courts that the term "substantial error" bears no relationship to the number of votes' difference between the original count and the recount.

The law requires *substantial* error before the deposit money can be returned to the depositor. In the opinion of this court, this by definition must refer at least to some degree to the difference between the count and recount. For instance, if the candidates on the original count ended up in a dead heat, a single vote counted one way would be substantial error if it were in fact to be counted the other way, regardless of whether there were a total of 200 votes, 20,000 votes, or 200,000 votes. On the other hand, if there were a thousand vote difference between the candidates on the original count, if there were an error of 25 votes, it would be in fact insignificant, and therefore, not substantial regardless of how many total votes were cast.

In the instant case, there was a difference of seven votes in favor of Mr. Menken by virtue of the original count. On the recount, there came to be a ten vote difference in favor of Mr. Menken, no doubt resulting from one vote originally being counted for petitioner which should have gone to Menken, and one vote which just was not counted originally.

We do agree that the appropriate section of the Election Code should be liberally construed in favor of broad suffrage rights and to preserve the sanctity of the ballot box.

We do not agree that the error in the instant case was a "substantial error" under the law; and accordingly, the request for the return of the $50 deposit by Vernon Cizek is denied, and thus, the following

ORDER

And now, December 27, 1979, it is hereby ordered and decreed that the $50 deposit of Vernon J. Cizek

in reference to the above-captioned cause shall be retained by the County of Potter.