## In Re: General Election Recount

*Kenneth W. Johnson, Dean A. Bowman,* for contestant Maurer.

*Thomas Jeffrey Cook,* for contestant Bell.

*William L. Kimmel, Kim R. Gibson,* for Somerset County Board of Elections.

COFFROTH, *P.J.*, December 27, 1983—There are two legal questions at issue in this case:

(1) Is the prothonotary warranted in requiring a separate recount petition for each ballot box to be recounted, and payment of costs for each such petition, or may petitioner use a single petition for multiple ballot boxes at the cost of filing a single petition?

(2) What is a "substantial error" within the meaning of the Election Code, under the facts in this case, which warrants return of the deposit money made for opening and recounting a ballot box?

## Single or Multiple Petition(s)

The prothonotary refused the request of counsel for petitioner Maurer for leave to file a single petition covering all election district ballot boxes desired to be opened and recounted, and to pay to the prothonotary the cost of filing only a single petition ($15), and required all petitioners to file a single recount petition for each box desired to be opened and recounted and to pay costs in the amount of $15 for each box. In light of the time deadline for filing petitions, petitioner Maurer complied but has, with our approval, reserved the question for a later decision at this time.

The prothonotary clearly acted in accordance with traditional practice; to the best of our recollection a single recount petition for each ballot box to be opened has always been required here by the prothonotary, and no precedent to the contrary has been furnished us; moreover, no judicial decision covering the point has been brought to our attention. Our present review of relevant statutes and authorities leads us to the following conclusions:

1. The bill of costs for prothonotaries of this class county (6th Class) is contained in §1 of the Act of

1982-203, PL 744, 42 PaC.S.A. §21071, which establishes a minimum fee of $15 for the "commencement of any action at law or equity, regardless of procedure."[1] Section 3(b) of said Act, 42 PaC.S.A. §21073(b) states that: "The prothonotary shall not be required to enter on docket any suit or action or order of court or enter any judgment thereon or perform any services whatsoever for any person, political subdivision or the Commonwealth until the requisite fee is paid." See: Frankhouser v. Harding, 33 Somerset L. J. 335, 3 D. & C.3d 233 (1977); Van Meter v. Van Meter, 35 Somerset L. J. 141 (1978).

2. The language of §1701 of the Election Code, 25 PS §3261, clearly contemplates a separate recount petition for each ballot box to be opened and recounted. Subsection (a) thereof requires that the petition for each ballot box of an election district be recounted "if three qualified electors of the election district shall file, as hereinafter provided, a petition duly verified by them . . ." Subsection (b) states that: "Every petition for the opening of a ballot box under the provisions of this section shall be filed in

1. Section 1 of said statute provides in relevant part as follows:

"COMMENCEMENT OF ACTIONS"

"Commencement of any action at law or equity, regardless of procedure, a fee of not less than $15 or more than $50 shall be fixed by the prothonotary of each court of common pleas, on or before January 1 of each year, except in 1982 when it shall be fixed immediately and, when added to all other fees charged, shall bear a reasonable relationship to the sum sufficient to maintain and operate the office of the prothonotary. After an action has been commenced, no other fees shall be payable except as herein otherwise specifically provided. The fee fixed shall be the same and apply to all actions without variation except with respect to divorce actions where an additional fee not to exceed $15 may be charged for each count in the complaint in excess of the count requesting the divorce."

the office of the prothonotary of the proper county, accompanied by a deposit of cash in the amount of Fifty ($50) Dollars . . ." Subsections (d) and (e) provide for refund or forfeiture of the deposit money according to whether fraud or substantial error was committed in the particular district for which such deposit was made, not on the basis of fraud or substantial error in the election as a whole. See Steelton Borough Election Case, 129 Pa. Super. 302, _____ A.2d 466, (1937). In the latter case, a separate petition for each district was used (304).

3. In light of the foregoing provisions making recount proceedings for each ballot box in each election district an independent action, requiring a separate petition for each box, separate petitioners from the district for each box, and an independent judicial decision for each box, it is apparent that the filing of each recount petition constitutes the "commencement of an[y] action at law or equity" as provided in §1 of the Act of 1982-203 supra, requiring a separate fee for costs.

4. Although there is no practical impediment presently apparent to using a single petition and a single docket number for filing all recount petitions in a particular election, the substantive separateness and independence of the recount proceeding for each ballot box in each election district, throughout the recount in the court of common pleas and as well appellate proceedings if necessary, are best preserved and maintained by procedural separateness and independence in separately filed and docketed actions, with least confusion.

Accordingly, the request of counsel for candidate Maurer (and for the petitioners in his behalf) for consolidation of recount petitions into a single action for a single cost fee is denied.

## Disposition of Deposit Money

We first note that in order to obtain a recount of votes, each recount petition must be verified under oath by its petitioners and must allege that "upon information which they consider reliable they believe that fraud or error, although not manifest on the general return of votes made therefrom, was committed in the computation of the votes case for all offices or for any particular office or offices in such election district, or in the marking of the ballots, or otherwise in connection with such ballots." But the subsection excuses the petitioners from proving such fraud or error alleged, by further providing as follows:

"It shall not be necessary for the petitioners to specify in their petition the particular act of fraud or error which they believe to have been committed, nor to offer evidence to substantiate the allegations of their petition."

It is apparent, therefore, that so long as a recount petition is in the form prescribed by statute, the court must allow the recount without any proof of fraud or error, and notwithstanding that the court may think none occurred. In the present case, all of the petitions allege error only; none alleges fraud.

The portions of the Election Code relevant to this issue are subsections (d) and (e) of §1701, 25 PaC.S.A. §3261. Subsection (d) states that:

"If, upon opening any such ballot box, it shall appear that fraud or substantial error was committed in the computation of the votes cast on the ballots contained therein, or fraud in the marking of the ballots contained therein, or otherwise in connection with such ballots, . . ."

the deposit money shall be refunded to petitioners. Subsection (e) provides that:

"If, upon opening any ballot box under the provisions of this section, it shall not appear that fraud or substantial error was committed in the computation of the votes cast on the ballots contained therein, or fraud in the marking of the ballots contained therein, or otherwise in connection with such ballots, . . ."

the deposit money shall be forfeited to the county. The $50 deposit required by statute for each box to be opened has been made by the petitioners for each petition in this case.

In the recount here, no fraud was found; however, errors were found in the computation of the votes cast in all 28 districts recounted.[2] Hence, the sole question here is whether the error in any particular district should be classified as "substantial" and to warrant refund of the deposit money. This is an issue of some financial importance both to the petitioners, and to the county which is responsible in the first instance for paying recount costs.

At the outset, we note that the purposes of the deposit requirement are: (1) to discourage frivolous recount petitions and to encourage meritorious ones, and (2) to discourage substantial error by public officers in counting, tallying and tabulating votes and to encourage accuracy therein. We also note that, although the votes for all candidates for the office of

---

2. Petitions were filed for, and the court authorized, recount of 41 ballot boxes, 39 on behalf of Mr. Maurer, 2 on behalf of Mr. Bell; 13 of the petitions (11 Maurer, 2 Bell) were withdrawn with Court approval before opening the boxes specified in said petitions, and the deposit money for those 13 boxes was ordered refunded. All of the remaining 28 boxes were recounted pursuant to the petitions in behalf of candidate Maurer, whose deposits are at issue here. In addition, Boswell Borough was recounted on the petition of candidate Policicchio.

514

the county commissioner were recounted, it is apparent that the only real contest was between Mr. Bell and Mr. Maurer in light of the pre-recount margins between the four candidates (3 to be elected) as follows:

Cober's margin over O'Connor — 1,915 Votes
O'Connor's margin over Bell — 583 Votes
Bell's margin over Maurer — 169 Votes

Accordingly, for purposes of refund or forfeiture of deposit money, we focus only on whether "substantial error" was found in the contest between Bell and Maurer.

Instead of using a fixed number as establishing substantial error in an election district regardless of the size of the district,[3] after studying Exhibit A attached hereto summarizing the recount results in light of: (1) the net error in each election district in relation to the pre-recount margin (169 votes) between the contestants, (2) the percentage of net error in each district in relation to the total vote cast in that district for the two contestants, and (3) the result of the recount in relation to its cost, we have concluded that substantial error justifying refund occurred in the eight election districts listed in the order accompanying this opinion. Although we have

3. See: Recount for Prothonotary, Nos. 54 through 97 and 99 through 125 Miscellaneous 1981; Recount for Representative in the General Assembly, Nos. 54 through 106 Miscellaneous 1978, reported in Electors Of The 69th Legislative District v. Lloyd (No. 1), 36 Somerset L.J. 122(1978), Electors of the 69th Legislative District Of Pennsylvania v. Lloyd (No. 2), 36 Somerset Legal Journal 128(1978), and In Re: Election of Representative in the General Assembly (Recount), 36 Somerset L.J. 156(1978); Recount for Sheriff, Nos.35 through 41 Miscellaneous 1975; In Re: Abbott Township Election, 13 D.&C.3d 572(1979); and other cases cited in footnote [1] of the Final Order in the proceedings for Recount for Sheriff supra.

given some consideration to the result of the recount as above noted, we do not regard the result as decisive on the question of refund or forfeiture of deposit money. The most important consideration in a recount proceeding is not the private interest in winning or losing, but the public interest in the integrity of the election process, "the purity of popular elections", Greenwood Township Election Case, 344 Pa. 350, 357, 25 A2d 330(1942). As we said in Electors of the 69th Legislative District v. Lloyd (No. 1) 36 Somerset L.J. 122, 125(1978):

"In such a contest, the court is not primarily concerned with who wins, but with how he wins — not with the political consequences, but with the integrity of the election process. When that integrity is preserved, we all win in the end, and we feel sure that both sides in this contest are sincerely interested in that."

A. Recount For County Commissioners:

| Docket No. | County District No. | Recount District No. | District | Total Votes Cast* | Net Vote Change | Percent Change |
|---|---|---|---|---|---|---|
| 77 | 2 | 1 | Addison Township | 270 | −14 | 5.18 |
| 78 | 5 | 2 | Berlin Borough | 639 | −7 | 1.09 |
| 79 | 6 | 3 | Black Township | 227 | −1 | .44 |
| 80 | 8 | 4 | Brothersvalley Township | 681 | −3 | .44 |
| 75 | 11 | 5 | Central City Boro. | 388 | −6 | 1.54 |
| 62 | 12 | 6 | Conemaugh Twp. No. 1 | 661 | −6 | .90 |
| 63 | 13 | 7 | Conemaugh Twp. No. 2 | 547 | −11 | 2.01 |
| 64 | 14 | 8 | Conemaugh Twp. No. 3 | 473 | +1 | .21 |
| 65 | 15 | 9 | Conemaugh Twp. No. 4 | 287 | −10 | 3.48 |
| 68 | 16 | 10 | Conemaugh Twp. No. 5 | 182 | −11 | 6.04 |
| 81 | 17 | 11 | Confluence Borough | 194 | −13 | 6.70 |
| 69 | 20 | 12 | Garrett Borough | 151 | −1 | .66 |
| 70 | 21 | 13 | Greenville Township | 120 | +1 | .83 |
| 99 | 22 | 14 | Hooversville Boro. | 266 | +6 | 2.25 |
| 71 | 24 | 15 | Jefferson Township | 388 | −1 | .25 |
| 67 | 25 | 16 | Jenner Township No. 1 | 534 | +1 | .18 |

| Docket No. | County District No. | Recount District No. | District | Total Votes Cast* | Net Vote Change | Percent Change |
|---|---|---|---|---|---|---|
| 60 | 26 | 17 | Jenner Township No. 2 | 304 | −1 | .32 |
| 61 | 27 | 18 | Jenner Township No.3 | 336 | +6 | 1.78 |
| 93 | 28 | 19 | Jennerstown Boro. | 226 | 0 | 0 |
| 72 | 30 | 20 | Lincoln Township | 489 | −4 | .81 |
| 82 | 34 | 21 | Milford Township | 465 | −12 | 2.58 |
| 83 | 37 | 22 | Northampton Twp. | 125 | 0 | 0 |

*In recount for contestants only.

## EXHIBIT A — Page 1 of 2 Pages

| Docket No. | County District No. | Recount District No. | District | Total Votes Cast* | Net Vote Change | Percent Change |
|---|---|---|---|---|---|---|
| 84 | 39 | 23 | Paint Borough | 233 | −6 | 2.57 |
| 95 | 43 | 24 | Quemahoning Twp. | 683 | +4 | .58 |
| 85 | 44 | 25 | Rockwood Boro. | 377 | +16 | 4.24 |
| 66 | 51 | 26 | Somerset Boro.-East | 511 | +10 | 1.95 |
| 90 | 52 | 27 | Somerset Boro.-N.W. | 680 | +12 | 1.76 |
| 91 | 53 | 28 | Somerset Boro.-S.W. | 849 | −9 | 1.06 |

### B. Recount For Boswell Borough Council:

| 59 | 7 | 29 | Boswell Borough | 497 | +26 | 5.23 |

## EXHIBIT A — Page 2 of Two Pages

## RECOUNT CERTIFICATION ORDER

Now, December 27, 1983, the votes in the 29 election districts of Somerset County shown on Exhibit A to the foregoing opinion, cast at the General Municipal Election held November 8, 1983, having been recounted pursuant to Recount Orders of December 6, 1983, as above captioned, for the offices of County Commissioner and of Borough Council for Boswell Borough, on December 7, 8, 9, 12 and 13, 1983, after notice to the contesting candidates, as provided by law;

And, the votes cast in the recounted districts for

the office of County Commissioner having been found by the Recount Board to be as follows:

| | |
|---|---|
| Brad Cober | — 6,915 |
| Tim W. Maurer | — 5,691 |
| Paul L. O'Connor | — 5,818 |
| Douglas M. Bell | — 5,595 |

And for member of Borough council for Boswell Borough (3) to be elected:

| | |
|---|---|
| Matsko | — 325 |
| Hoar | — 263 |
| Maurer | — 273 |
| Policicchio | — 224 |
| Szewczyk | — 180[4] |

And it appearing, that the recount is in proper order;

Now therefore, the foregoing recount totals are hereby certified as the votes cast for said candidates in said election districts in the election held November 8, 1983, and the County Board of Elections shall correct accordingly any contrary entries made in the returns as provided in the Election Code, §1703 as amended (25 P.S. §3263).

And it further appearing from Exhibit A to the foregoing opinion that substantial error was discovered in the following eight election districts:

| District | Net Vote Change | Percent Change |
|---|---|---|
| Addison Township | — 14 | 5.18 |
| Boswell Borough | + 26 | 5.23 |
| Conemaugh Township No. 2 | — 11 | 2.01 |
| Conemaugh Township No. 4 | — 10 | 3.48 |
| Conemaugh Township No. 5 | — 11 | 6.04 |
| Confluence Borough | — 13 | 6.70 |
| Milford Township | — 12 | 2.58 |
| Rockwood Borough | — 16 | 4.24 |

4. The pre-recount totals for the five candidates for borough council were: 320, 268, 247, 224 and 173.

Accordingly, the deposits made for the recount in said listed eight election districts are ordered refunded. The deposits for the recount made in the remaining 21 election districts listed on Exhibit A are ordered forfeited to the County of Somerset. See Election Code §1701(e), 25 PS §3261(e).

The prothonotary shall make an entry of the filing of this order on the docket of each miscellaneous docket number as above captioned, and as well on the docket of No. 51 Miscellaneous 1983.